(Hamilton County Common Pleas.),
JOHN TAYLOR v. J. H. DAY.

---

The plaintiff and defendant owned adjoining lots abutting on the east side of a street in a city. Plaintiff's lot also abutted on the west side of another street, but the east line of defendant's lot was distant more than 150 feet from the other street, the grade of which was many feet higher than that of the street on which both lots abutted. The defendant excavated his lot to a depth less than nine feet below the curb of the street on which both lots abutted, thereby requiring a large expenditure by the plaintiff in underpinning and shoring up the buildings on his lot.

Held—That such expenditures must be borne by the plaintiff, and that the defendant was not liable therefor.

Sections 2676 and 2677, Revised Statutes, construed.

---

HOLLISTER, J.

The plaintiff is the owner of a lot of land abutting about 220 feet on the west side of Colerain avenue and extending westwardly to Bogen street, on which it abuts about 123 feet. The south line of the lot is about 48 feet. Fronting on Colerain avenue and extending back something less than one-third of the depth of the lot is an ancient stone building. In the rear of that and separated from it by about 10 feet is a brick building on the

south line of the lot, built since 1870, the year the curb of Bogen street was established. The west wall of this building is at a point considerably more than one-half the distance from Colerain avenue to Bogen street. Fronting on that street there is a wagon shed, constructed on plaintiff's lot.

In May, 1896, and for many years prior thereto the property south of plaintiff's lot was part of the estate of Hiram Clearwater, deceased. This property had for its eastern front the west line of Colerain avenue for a distance of about 343 feet and abutted on the east line of Bogen street, about 154 feet. It's northern boundary was plaintiff's south line, about 418 feet. The southern boundary was irregular, a block of lots fronting about 100 feet on the east side of Bogen street by about 132 feet fronting on the south side of Harrison avenue, forming what would otherwise have been the southwest corner of the tract. To the east of this block the property fronted some 80 feet on the north side of Harrison avenue. The curb of Colerain avenue was established in 1872. That street has a much greater altitude than Bogen street. The ground slopes rapidly toward Bogen street, and descends also toward Harrison avenue, the grade of which was established in 1852.

In May, 1896, the Union Savings Bank & Trust Company, as trustee under the will of Clearwater, leased a portion of the property to the south of plaintiff's lot to J. H. Day, the defendant, who has since become the owner of the leased premises by purchase. This property comprises so much of the Clearwater tract as lies west of a line about 250 feet long drawn at right angles from the north line of the tract at a point about 100 feet west of Colerain avenue, southwardly to a point in the north line of Harrison avenue, about 300 feet from Colerain avenue, which cuts the respective fronts of the Clearwater tract and plaintiff's lot very obliquely from southeast to northwest. The east line of the Day lot therefore is at least 100 feet away from Colerain avenue at the nearest point, and not less than 300

feet distant from that street at the southeasterly corner of the Clearwater tract.

Defendant's lot fronts therefore about 154 feet on the east side of Bogen street, and about 50 feet on the north side Harrison avenue, both of which are much lower than Colerain avenue at the location of plaintiff's front building. The defendant constructed a building on his lot flush with his east line and with Harrison avenue, and on Bogen street excepting the 30 feet to the south of plaintiff's lot. This he excavated for a yard to a point about 50 feet from his east line. Here he extended his building northwardly to plaintiff's south line, on which it abuts about 50 feet.

In making the necessary excavations for his building and yard, the defendant did not dig so much as nine feet below the curb line of Bogen street or of Harrison avenue; but by reason of the latitude of Colerain avenue, with reference to which the plaintiff had constructed his buildings, the defendant's excavations made it necessary to reconstruct the plaintiff's foundation walls on the south side of his buildings, and sink them from four feet in some places to fifteen in others further into the ground. If these foundation had not been thus reconstructed, plaintiff's buildings must have been destroyed. To save a greater loss, the plaintiff expended some $3,500 in underpinning and shoring up his buildings. This sum the plaintiff seeks in this action to recover from the defendant on the ground that under a proper construction of the law, the defendant could not with impunity sink his foundations lower than nine feet below Colerain avenue, or at best to a point anywhere lower than a line drawn from a point nine feet below the curb of Colerain avenue and a point nine feet below the curb of Bogen street. The plaintiff concedes that defendant's operations were carried on with care, and the defendant concedes that plaintiff's expenditures were reasonable.

The question is as to the liability of the defendant for these expenditures. At common law the right to lateral

support is incident to the land, and an action lies for injury to the land caused by the removal of such support. Keating v. Cincinnati, 23 Ohio St., 141; Ballard's Ohio Law of Real Prop., 359; Richardson v. Vermont Central R. R., 25 Vt., 465, 471; Gilmore v. Driscoll, 122 Mass., 199, 201. But this right did not extend to buildings. With respect to them, the only liability was for withdrawing the support negligently. Inclined Railroad v. Pfau, 9 Bull., 200, and cases cited there.

The difference is well illustrated by the remarks of Mr Justice Story in Transportation Co. v. Chicago, 99 U. S., 635. He says: "The general rule may be admitted that every landowner has a right to have his land preserved unbroken, and that an adjoining owner excavating on his own land is subject to this restriction, that he must not remove the earth so near to the land of his neighbor that his neighbor's soil will crumble away under its own weight and fall upon his land. But this right of lateral support extends only to the soil in its natural condition. It does not protect whatever is placed upon the soil increasing the downward and lateral pressure. If it did, it would put it in the power of a lot owner, by erecting heavy buildings on his lot, to greatly abridge the right of his neighbor to use his lot. It would make the rights of the prior occupant greatly superior to those of the latter."

At common law, therefore, there was no obligation upon the defendant, exercising reasonable care as he was in this case, to underpin or shore up the plaintiff's buildings. Payton v. Mayor, 9 B. & C., 725; Massey v. Goyder, 4 Cars. & P., 161; Dorrity v. Rapp, 72 N. Y., 310; Inclined Plane R. R. v. Pfau, 9 Bull., 200.

The statutes, sections 2676 and 2677, create a new liability in case of digging deeper than the foundations of an adjoining building, and more than nine feet below the surface of the lot, or if the street be curbed or graded, below the curb or grade. Judge Avery, in Incline Plane R. R.

v. Pfau, supra; Burkhardt v. Hanley, 23 Ohio St. 558.

Section 2676 provides that:

"If the owner or possessor of any lot or land, in any city or village, digs, or causes to be dug, any cellar, pit, vault or excavation, to a greater depth than nine feet below the curb of the street in wich (such) lot or land abuts; or if there be no curb below the surface of the adjoining lots, and by such excavation causes any damage to any wall, house or other building upon the lots adjoining thereto, such owner or possessor should be liable, in a civil action, to the party injured, to the full amount of the damage aforesaid."

And it is provided by section 2677 that—

'Such owner or possessor may dig, or cause to be dug, any such cellar, pit or excavation to the full depth of any foundation wall of any building upon the adjoining lot or lots, or to the full depth of nine feet below the established grade of the street whereon such lot abuts, without reference to the depth of adjoining foundation walls, without incurring the liability prescribed in this chapter." * * * It is claimed by he plaintiff that as his lot abuts on Colerain avenue, the defendant's excavation can not be made to a depth of more than nine feet below the curb or grade of that street; but this position can not be maintained, for these statutes restricting defendant's common law right must be strictly construed (State v. Governor, 5 Ohio St., 528; 23 Am. & Eng. Ency. of Law, 386, note 1, 387), and, while it is true that the language of section 2677 apparently limits the permission of a lot owner to dig only to a depth of nine feet below the grade of the street whereon his neighbor's lot abuts, yet the clear meaning of the two sections is to limit their application to a lot abutting on the same street as that upon which abuts the lot in which the excavation is to be made. If this were not so, it is manifest that the defendant could only improve his lot without incurring liability by making such construction upon it that its foundation walls were

laid, not with reference to Bogen street, upon which his lot abuts, but with respect to the grade of Colerain avenue, which is separated from his east line by an average distance of more than 150 feet.

Plaintiff's rear building was erected after the grade of Bogen street was established, and as his lot abutted also on that street, he must be held to a knowledge that at some time the adjoining property abutting on that street might be improved with reference to that street, and should have constructed his foundations accordingly. "The purpose," says Judge Avery in Inclined Plane R. R. v. Pfau, of these statutes "evidently is that adjoining owners may be advised what depth of foundation will protect their buildings against excavations by their neighbors'."

The stone building was constructed prior to the enactment of these last and at a time when the adjoining owner could have excavated with no other limitation than that he must be careful in doing so. Defendant's excavation did affect the foundation of this building at some distance from Colerain avenue, but as the lot upon which it was constructed fronted also on Bogen, it must be held that as defendant's foundations were not deeper than nine feet below Bogen street, his construction was authorized, and that the plaintiff and not he must pay for the costs of underpinning and shoring up his buildings. It is assumed that the twelve feet law is unconstitutional, and the nine feet law is still in force. Emery v. Coles, 5 N. P., 199; Hall v. Kleeman, 4 N. P., 201.

This decision is based strictly upon the facts in this case. That the conclusion would be if defendant's lot abutted also on Colerain avenue, or extended very nearly to that street, is not now necessary to say.

Judgment for defendant.

Franklin T. Cahill, for Plaintiff.

Joel C. Clore and Thomas L. Michie, for Defendant.