In the Matter of the Application of the BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK to Acquire Real Property Situated on Schermerhorn Street in the Borough of Brooklyn.

Supreme Court, Kings County, June 22, 1933.

*Arthur J. W. Hilly,* Corporation Counsel [by *Irving L. Levy* and *Max Berman,* Assistants Corporation Counsel], for the city.

*Talley & Lamb* [by *Charles Lamb* and *Banton Moore*], *Skinner & Bermant* [by *Casper Gottdeiner* and *A. S. Hart*], *Cullen & Dyckman* [by *A. J. Wheeler* and *John S. Bennett*], for the claimants.

HUMPHREY, J. Having viewed the property involved in the above-entitled proceeding, and heard the testimony of the witnesses concerning its value, I find the damages for the taking of this property to be as follows: Street Parcel A: The claims of claimants Abrast Realty Company, Abraham & Straus, Inc., Parcels Holding Corporation, Elbeco Realty Corporation, Frederick Loeser & Co., Inc., and A. I. Namm & Son for loss of lateral support are disallowed. The right to lateral support of an abutter is limited to the support of the soil in its natural state and not to the support of any structures that the owner might choose to put upon it. The decisions in this State are uniform and consistent in this holding. (*Lasala* v. *Holbrook,*

4 Paige, 169; *Farrand* v. *Marshall*, 19 Barb. 380; *Dorrity* v. *Rapp*, 72 N. Y. 307; *Booth* v. *R.*, *W.* & *O. T. R. R. Co.*, 140 id. 267.) The courts of Massachusetts lay down the same rule. (*Thurston* v. *Hancock*, 12 Mass. 223; *Gilmore* v. *Driscoll*, 122 id. 199.) These decisions were cited with approval in *White* v. *Nassau Trust Co.* (168 N. Y. 149). Since the side walls of the subway are concededly sufficiently strong to resist the thrust of the soil of the abutting owners, their claims for depreciated value of their abutting lands for lack of lateral support are not sustained. The claimant Abrast Realty Company is the owner of a fee of a portion of Schermerhorn street, being 150 feet along the street and 30 feet into it. This fee ownership is subject to the right of the public to the use of Schermerhorn street for street purposes. The building of the subway for the operation of trains while a public use is not a street use. Claimant's claim is allowed and the value of the taking is fixed at $5,400. Damage Parcel No. 1, value of permanent easement $83,692. The contract entered into between the owner and the board of transportation contemplates the elevator as restored by the contractor to absolve the city from further liability. The subway as constructed in the main leaves the claimant in possession of basement space over the subway of only one foot less than that of the rest of the building. The right, however, of the city to use the space to the upper plane of the easement is included in the value given. The side walls of the subway are sufficient to sustain the thrust of the soil in its natural state abutting it. Therefore, the rule applied to Damage Parcel A applies here. Damage Parcel 1A: Value of three-year temporary easement, $8,495; value of building demolished, $6,000. Damage Parcel 1B: Value of one-year temporary easement, $1,741. Damage Parcel 5: Land, $27,342; improvements, $7,500; total, $34,842. Damage Parcels 6 and 10: Land, $35,256; improvements, $6,500; total, $41,756. Damage Parcel 7: Land, $18,778; improvements, $5,200; total, $23,978. Damage Parcel 8: Land, $25,550; improvements, $7,500; total, $33,050. Damage Parcel 9: Land, $25,480; improvements, $7,500; total, $32,980. Damage Parcel 11B: Value of temporary easement, $13,873; improvements, $29,000; total, $33,873.

The corporation counsel is directed to prepare the tentative decree in accordance with the above.