Farrell Dorrity, Executor, etc., Appellant, *v.* Augustus L. Rapp, Respondent.

The provision of the act of 1855 (chap. 6, Laws of 1855), regulating the exercise by the owners of land in the cities of New York and Brooklyn of the right of excavation upon their lands, which requires such owner, when intending to excavate to a depth of more than ten feet, to preserve from injury and to support any wall upon adjoining land standing upon or near the boundary line, "if afforded the necessary license to enter on the adjoining land and not otherwise," does not require the owner of the adjoining land to tender a license in order to receive the benefit of the statute; but it is incumbent upon the party "causing such excavation to be made" to request permission to enter and proceed with the excavation without supporting the wall; and if he fails so to do, he is liable for the damages.

The fact that an owner has contracted with another to make an excavation upon his land does not exempt him from the performance of the duty imposed by the act; he is the party "causing such excavation to be made" within its meaning.

*Dorrity* v. *Rapp* (11 Hun, 374), reversed.

(Argued January 18, 1878; decided January 29, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and granting a new trial. (Reported below, 11 Hun, 374.)

This action was brought to recover damages to a building belonging to plaintiff's testatrix, alleged to have been caused by excavations made by defendant on his adjoining lot.

The facts appear sufficiently in the opinion.

*Joseph Fettretch*, for appellant. As the evidence showed that plaintiff's house was injured by the deepening of the foundation of defendant's house, he was entitled to recover. (*Clare* v. *Nat. City Bk.*, 1 Swee., 539; *Storrs* v. *City of Utica*, 17 N. Y., 108; *McCannes* v. *Cit. Gas-light Co.*, 40 Barb., 381; *Partridge* v. *Gilbert*, 15 N. Y., 612; *Cook* v. *Pres. & F. Dry Dock Co.*, 1 Hilt., 443; *Creed* v. *Hartman*, 29 N. Y., 595; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 62 id., 178.)

*Alex. Thain*, for respondent. The rule of *respondeat superior* is not applicable to this case. (Whart. on Neg., § 818; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y., 178; *Blake* v. *Ferris*, 5 id., 48; *Kelly* v. *Mayor, etc.*, 11 id., 432; *King* v. *Livermore*, 9 Hun, 298 [affm'd in Ct. of Apps.]; *Butler* v. *Hunter*, 10 Wend., 214; *Daniels* v. *Met. R. R. Co.*, 20 id., 41.) Defendant was not bound to protect plaintiff's wall unless afforded the necessary license to enter on her lands. (*Sherwood* v. *Seaman*, 2 Bosw., 127; 2 R. S. [5th ed.], 1002, § 34; 2 Washb. on R. P., 75; 2 Washb. on Easem'ts, 542–564; *Panton* v. *Holland*, 17 J. R., 92; *Farrand* v. *Marshall*, 21 Barb., 409; 19 id., 380;

*Thurston* v. *Hancock*, 12 Mass., 221; *Radcliff, Ex'r*, v. *Mayor, etc., B'klyn*, 4 N. Y., 201.)

ANDREWS, J.   In 1872 the plaintiff's testatrix and the defendant were respectively owners of adjoining houses and lots in the city of New York.   In March of that year the defendant, desiring to deepen the cellar of his house and rebuild the cellar walls, made a contract with one Sullivan to furnish the materials and perform the work.   The plan of the improvement made it necessary to excavate below the existing foundation wall of the defendant's house, and more than ten feet below the street curb.   The foundation wall of the house of the plaintiff's testatrix extended about ten feet below the surface of her lot.   The excavation made by the defendant caused the wall of the house of plaintiff's testatrix to settle, and this action is brought to recover for this injury. The defendant gave no notice to the plaintiff's testatrix, or to her tenant, of his intention to deepen the foundations of his house, and she had no knowledge that they had been deepened until after the injury was done.  Neither the defendant nor Sullivan requested license or permission to enter upon the premises of the testatrix for the purpose of protecting them from injury.

By the common law an owner of land contiguous to the land of another, upon which a building is erected, is not bound to protect the owner of the building against injuries which may result thereto from excavations on his own land, in the absence of any right by prescription or grant in the owner of the building to have it supported by the land of the person making the excavation.   The natural right of support, as between the owners of contiguous lands, exists in respect of lands only, and not in respect of buildings or erections thereon.   (*Panton* v. *Holland*, 17 J. R., 92; *Thurston* v. *Hancock*, 12 Mass., 221; *Humphrey* v. *Boyden*, 12 Q. B., 139; Goddard on Easements, 31.)   The owner of land, however, in making an excavation on his own premises which may endanger a building on his neighbor's land, is bound to use

reasonable care in the prosecution of the work, and is liable for injuries to his neighbor's property resulting from his negligence. (*Panton* v. *Holland, supra; Dodd* v. *Holmes*, 1 Ad. & El., 493; *Foley* v. *Wyeth*, 2 Allen, 131.) But he is under no obligation to shore up his neighbor's house, nor is there any duty arising from contiguity merely that he should give his neighbor notice of his intention to excavate on his own premises. (2 Wash. on Easements, 444; *Trower* v. *Chadwick*, 3 Bing. [N. C.], 334; id., 4 Bing. [N. C.], 1.) This being the state of the common law upon the subject, the Legislature, in 1855, interposed to regulate the exercise by owners of land in the cities of New York and Brooklyn of the right of excavation, and to afford to owners of buildings a new protection against injuries from excavations on adjoining lands. By the act chapter six of the laws of that year, it is declared that whenever excavations on any lot in New York or Brooklyn "shall be intended to be carried to the depth of more than ten feet below the curb, and there shall be any party or other wall wholly or partly on adjoining land, and standing upon or near the boundary lines of such lot, the person causing such excavations to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall at all times from the commencement until the completion of such excavation, at his own expense, preserve the wall from injury, and so support the same by a proper foundation that it shall remain as stable as before such excavations were commenced."

The General Term reversed the judgment in this action, on the ground that no license or permission to enter upon the premises of the plaintiff's testatrix, to protect the wall of her house, was tendered by her to the defendant before the excavation was made, and that by the true interpretation of the statute of 1855, no liability to protect the wall of an adjoining owner attaches to a person making an excavation on his own premises until such license is tendered, and that it was not incumbent upon the latter to request permission to enter upon the adjoining land to protect the building. The

words "if afforded the necessary license to enter on the adjoining land" do not, we think, in view of the object of the statute require this construction. The primary object of the statute, was to cast upon the party making an excavation on his land, exceeding ten feet in depth, the risk of injury resulting therefrom to the wall of an adjoining owner, and the burden of protecting it. The liability imposed is not made to depend upon the degree of care exercised by the person making the excavation. When the facts bring the case within the statute, the duty and liability which the statute imposes is absolute and unqualified. The proviso, "if afforded the necessary license," was, we think, inserted simply to meet the contingency of a refusal by the owner of the adjoining building to allow the party making the excavation to enter upon his premises to shore up, or otherwise support his wall. Unless he was permitted to do so, his entry for that purpose would be a trespass. The words "necessary license" indicates that this fact was in the minds of the Legislature when the act was passed. It would not, we think, be a reasonable construction of this clause to hold that the owner of a building must become the actor in the first instance, and tender a license to the adjoining owner to enter upon his premises, in order to give him the the benefit of the statute. He may not know that an excavation is to be made; and if he knows the fact, he may not know that it is to be carried beyond the depth mentioned in the statute. This construction would enable a party to escape the liability imposed by the statute, whenever, from the situation of the property or other circumstances, the excavation could be carried on without attracting the attention of the adjacent owner. The words, "if afforded the necessary license," do not necessarily imply a license proffered without application or request; and the words "not otherwise" merely emphasize the intention of the act, that unless permission to enter upon the adjacent land is given, the obligations imposed by the act do not attach.

The defendant caused the excavation to be made within

the meaning of the act. The fact that he made a contract with Sullivan to do the work, did not exempt him as the owner of the premises from the performance of the duty imposed by statute upon the party "causing the excavation to be made." The contract with Sullivan, moreover, made no reference to the statute of 1855, and the clause which required him "to make perfect all walls or partitions disturbed or injured" by the alterations, and "to make good all damages caused by the same," refers to injuries and damages to the house of the defendant resulting from the work done under contract.

The exception to the ruling of the court, excluding the conversation between the defendant and Thomas Dorrity, was obviated by the fact that the witness was subsequently allowed to state the conversation.

The order of the General Term should be reversed, and the judgment on the verdict affirmed, with costs.

ALLEN, RAPALLO and EARL, JJ., concur; CHURCH, Ch. J., FOLGER and MILLER, JJ., dissent.

Order reversed and judgment affirmed.