ADELE BERNHEIMER, JEROME BERNHEIMER AND SANFORD BERNHEIMER, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF ISABELLA BERNHEIMER, DECEASED, RESPONDENTS, *v.* THOMAS KILPATRICK, APPELLANT.

*Liability of a person causing an excavation to be made in New York city for building purposes — chap. 410 of 1882, sec. 474 — the adjoining building must remain as stable as before the excavation.*

An action was brought to recover damages resulting to the building No. 644 Madison avenue, in New York city, from the excavation of the lot adjoining made by one Kilpatrick for the purpose of erecting his building, the "Hoffman Arms," at the corner of Madison avenue and Fifty-ninth street, under section 474 of chapter 410 of 1882, which contained the following provisions: "Whenever excavations, for building or other purposes, on any lot or piece of land in the city and county of New York, shall be intended to be carried to the depth of more than ten feet below the curb, and there shall be any party or other wall, wholly or partly on adjoining land, and standing upon or near the boundary lines of such lot, the person causing such excavations to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall at all times, from the commencement until the completion of such excavations, at his

own expense, preserve such wall from injury, *and so support the same by a proper foundation that it shall remain as stable as before the excavations were commenced.*"

Upon an appeal from a judgment in the action in favor of the plaintiff, the appellant urged that the only duty which the builder owed to the owner of the adjoining lots ceased at the completion of the excavation.

*Held*, that this contention could not be sustained.

That, under such a construction of the section, an adjoining owner could excavate to any depth that he might see fit, as long as, while he was in the act of digging, he kept the foundation of the adjoining house as stable as it was before the excavation was commenced, and as soon as he completed his work he would have the right to take away the support which he had put to the wall of the adjoining owner and let it fall down.

That the act imposed upon the builder upon a lot the duty to so protect the adjoining wall, if he went more than ten feet below the level of the curb, that such wall should not be injured by reason of the structure which he put into the excavation after making it; so that the wall of such adjoining owner should remain as stable as before the excavation was commenced.

The defendant claimed that there was no direct connection between the injuries sustained by the plaintiff's house and the construction of the building of the defendant. It appeared that the plaintiff's house had been erected for a number of years, and that it stood without settling; that an excavation to an immense depth was made alongside of it, and that very shortly thereafter the walls began to crack and the house perceptibly settled towards the excavation.

*Held*, that this evidence was of such a character that the jury might safely infer that there was a very intimate connection between the two events, and that as it was impossible to produce witnesses who could swear that they had seen the excavation, and that as a result of the excavation the foundation of the adjoining house settled and cracks appeared, the jury were authorized to find a verdict in favor of the plaintiff.

APPEAL by the defendant from a judgment recovered upon a trial at the New York Circuit before the court and a jury, which was entered in the office of the clerk of the county of New York on the 24th day of January, 1888, and from an order denying a motion made upon the minutes of the justice who presided at the trial to set aside the verdict and for a new trial.

*W. F. Mac Rae*, for the appellant.

*J. C. Smith*, for the respondents.

VAN BRUNT, P. J.:

This action was brought to recover damages sustained by the building 644 Madison avenue, resulting from the excavation of the lots adjoining by the defendant, for the purpose of erecting his

building, " The Hoffman Arms," at the corner of Madison avenue and Fifty-ninth street.

The single question presented seems to be, whether, where an excavation is made, for the purpose of putting up a new building, to a depth of more than ten feet below the curb adjoining a house already built, the builder of the new building will be liable for injuries suffered by the adjoining building arising from the settlement of the foundations of the new building after completion, carrying with it the foundation of the old. This question seems to be presented by the request to charge of the defendant, which request was refused.

It is conceded that the plaintiff's right to recover depends upon the construction of section 474 of chapter 410 of the Laws of 1882. That section provides as follows : " Whenever excavations for building or other purposes on any lot or piece of land in the city and county of New York shall be intended to be carried to the depth of more than ten feet below the curb, and there shall be any party or other wall wholly or partly on adjoining land and standing upon or near the boundary lines of such lot, the person causing such excavation to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall, at all times, from the commencement to the completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before the excavations were commenced."

It is urged, upon the part of the appellant, that the only duty which the builder owed to the owner of the adjoining lots ceased at the completion of the excavation. It is clear that this construction cannot obtain, although it may accord strictly with the language upon which it is founded, because none of the evils which the act was intended to remedy, under such a construction, would be avoided. If the duty exists only from the commencement until the completion of the excavation, then, after the hole is dug and completely dug, all duty towards the adjoining neighbor ceases, which clearly was not the intention of the act. Under such a construction, an adjoining owner could excavate to any depth that he might see fit, and as long as he kept the foundation of the adjoining house as stable as it was before the excavation was commenced, while he was in the act

of digging, his duty would have ceased, because immediately upon his ceasing to excavate his obligations to the adjoining owner would be fulfilled, and he would then have the right to take away the support which he had put to the wall and let it fall down if it would do so.

It is clear that the intention of the legislature went beyond this, and that the intention was to secure the adjoining owner against erections which went to a depth of more than ten feet below the curb ; and this intention is expressed by a subsequent provision of the statute which compels the excavator to support the adjoining wall in such a way that it shall be preserved from injury and shall remain as stable as before the excavations were commenced. Therefore, it is a duty imposed upon the adjoining builder to so protect the adjoining wall, if he goes more than ten feet below the level of the curb, that such wall shall not be injured by reason of the structure which he has put into the excavation after it is made, because the provision of the law is that the foundation of the adjoining house must be supported in such manner that it shall remain as stable as before the excavations were commenced. Now, if by the erection of a heavy structure the weight of the wall carries down the foundation of the building already erected, it is evident that the party making the excavation has not supported the wall of the adjacent house so that it remains as stable as before the excavation. The builder is bound at his own expense to preserve the wall from injury from the commencement until the completion of such excavation, and then he has the further duty imposed upon him of so supporting the wall by proper foundations that it shall remain as stable as it was before. It is difficult to see, if he has a right to make the excavation, and by the settlement of the building which he erects to carry down the foundation from underneath the house adjoining, how he has fulfilled the obligation placed upon him by the statute, that the foundation of the adjoining house shall remain as stable as it was before.

It was the intention of the legislature to protect houses that had a reasonably deep foundation from the incursions of those who desired to go down into the bowels of the earth in order to get additional stories for their buildings. And it has sought to protect adjacent owners from such a class of building by as explicit language

as it was possible to employ. In other words, it has indicated its intention that, as the result of the excavation and the building thereon, the adjacent owner shall not be compelled to sustain any damage if the excavation has been carried to a depth of more than ten feet below the curb. The construction which is sought to be placed upon this act by the appellant would, it seems to us, absolutely defeat the purpose for which it is enacted. It would leave the adjacent owner, after an excavation had been concluded, absolutely at the mercy of the constructor of the new building.

There is another question to which attention is called by the points of the appellant, namely, that there was no direct connection between the injuries sustained by the plaintiff's house and the construction of the building of the defendant. It seems to us that the evidence in this respect was of such a character that the jury might safely infer that there was a very intimate connection between the two events. It was impossible to produce witnesses who could swear that they had seen the excavation, and had seen that, as a result of the excavation, the foundation of the adjoining house settled and cracks appeared. We think that it is a reasonable conclusion that the jury might very well draw from showing that the house had been erected for a number of years, that it stood without settling; that an excavation to an immense depth was made alongside of it and very shortly the wall began to crack and the house perceptibly settled towards the excavation. It hardly seems necessary to have any more definite proof in order to justify a finding of a connection between the excavation and the settlement of the house in question. If our construction of the act under which this action was brought is correct, it seems to us that the proof was ample to justify the jury in coming to the conclusion which they did.

We are of opinion that the defendant, having gone to more than ten feet below the ground in his excavation, became responsible to the owner of the adjoining house for any injuries which would result from the settlement of the foundation of the house he was erecting, he not having supported the walls of the adjacent house by a proper foundation, so that it remained as stable as before the excavations were commenced.

The judgment should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.