## COHEN v. SIMMONS.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. **LATERAL SUPPORT—PROTECTION OF WALL—RIGHT OF LEASEHOLDER.**
    The owner of a leasehold has such an interest in the premises as entitles him to maintain an action for damages against one violating Laws 1882, c. 410. (Consolidation Act,) § 474, which provides that any person excavating to a depth of more than 10 feet shall protect his neighbor's wall.

2. **SAME—LICENSE TO SUPPORT WALL.**
    Under Laws 1882, c. 410, (Consolidation Act,) § 474, providing that, where an excavation on any land is to be made to the depth of more than 10 feet below the curb, and there shall be any wall on adjoining land and standing near the boundary, the person making such excavation, "if afforded the necessary license to enter on the adjoining land, and not otherwise," shall preserve such wall from injury, the adjoining owner is only required to grant such license to enter his premises when requested.

3. **SAME—ACTION FOR DAMAGES—INSTRUCTION.**
    In an action for damages resulting from a violation of such section the court properly refused to instruct that, "if there were any defects in plaintiff's building before defendant began to build, and that while defendant was endeavoring to support this building these defects became enlarged, and defendant was not guilty of negligence, plaintiff cannot recover."

Appeal from circuit court, New York county.

Action by Nathan Cohen against John Simmons. Plaintiff had judgment, from which, and an order denying his motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Johnston & Johnston, (E. W. S. Johnston, of counsel,) for appellant.
Horwitz & Hershfield, (Otto Horwitz, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for injury done to certain premises of the leasehold of which the plain-

tiff was the owner. The defendant, as owner of premises adjoining the plaintiff's, made excavations to the depth of 14 feet, and, by reason of the fact that the walls of the plaintiff's premises were not properly shored up and protected, they were very badly injured, and for the damages thus sustained this action was brought. It is claimed upon the part of the defendant that the action could not be maintained, because it was brought by the owner of a leasehold estate for years in land adjoining the excavation against the owner of the land on which the excavation was made; and that the statute[1] clearly contemplates a right of action in the owner of the fee of adjoining premises, and does not include the holder of a leasehold interest in such fee. We have examined the statute in vain to find any such restriction as to the right of recovery. It would appear that anybody who is injured by a violation of the statute has a right to maintain an action for the damages sustained thereby. It is suggested in the points of counsel that the plaintiff did not prove that he was the owner of the buildings nor of the wall, only that he was the owner of a leasehold interest therein, and that he had even parted with possession thereof to a subtenant, on whom was the duty to make the repairs to such household, and in whom vested the right to recover of the defendant or his contractors the damages sustained,—a proposition somewhat inconsistent with the one previously urged. It is true that the plaintiff in his complaint alleged that he was the owner of the building upon the leashold premises, and we have searched the record in vain to find proof of that fact. But no point whatever was made during the trial of such want of proof, otherwise such proof might have been furnished; but the broad proposition was insisted on that, as he was the owner of the leasehold, and not the owner of the fee, therefore he could not maintain any action, which, as we have already seen, does not at all follow from the provisions of the statute under which this action is brought.

The claim that the plaintiff's tenant was bound to make the repairs, and that, therefore, the right of recovery was in him, is equally untenable. He was not bound to make any such repairs as were occasioned by the trespass committed by the defendant's contractors. These were not the repairs contemplated by his lease, even if any were required. But as the lease is not contained in the case, it is impossible for us to ascertain whether, under the lease, he was required to make repairs or not. It appears from the evidence that the plaintiff was the owner of these premises for a term of years, and he had leased them to this tenant, who moved out because of the damage done to the premises; that the plaintiff had repaired the premises, and that the tenant

[1]Laws 1882, c. 410, (Consolidation Act,) § 474, provides: "Whenever excavations for building or other purposes on any lot or piece of land in the city and county of New York, shall be intended to be carried to the depth of more than ten feet below the curb, and there shall be any party or other wall wholly or partly on adjoining land, and standing near the boundary lines of such lot, the person causing such excavation to be made, if afforded the necessary license to enter upon the adjoining land, and not otherwise, shall at all times from the commencement until the completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before the excavations were commenced."

had come back, and consequently whatever damage was sustained was sustained by the plaintiff, and nobody else.

It is further claimed that the occupant of the premises refused to allow the defendant's contractor to enter upon the premises for the purposes of shoring up the wall and protecting the foundation, and that he did not give such permission until after the foundations were up, and the beams had been taken out of the cellar, and until the building had sustained the injury for which this action was brought. But the evidence in regard to this proposition was conflicting. There was evidence offered upon the part of the plaintiff that, although the tenant, Trujano, refused consent, yet, upon application to the plaintiff, the owner of the premises, such permission was given, and an attempt was made to shore up the wall, but it was so unskillfully and improperly done that the injury complained of was done. This question was submitted to the jury, and they were instructed that, if this permission was refused, the plaintiff could not recover. In the consideration of this proposition the court does not pass upon the right of excavators to riddle the wall of an adjacent building with holes under the pretext of supporting it.

The further claim is made, or seems to be made, that this license should be tendered, and, if not tendered, no recovery could be had. It is apparent from the language of the statute that such was not the intention of the legislature. How is the adjacent owner to know that it is the intention of the parties excavating in an adjoining lot to go more than 10 feet below the curb? The duty to shore up arises from such intention, if afforded the necessary license. It is therefore clear that the license must be applied for, and the shoring up done, unless such license is refused.

It is further urged that, if any cause of action exists, it is not against the defendant, but against the contractors, who caused the excavation to be made to a depth below 10 feet after the defendant had parted with the control of the property and of the work, for such excavation to a depth below 10 feet was not intended or contemplated at the time of the making of the original contract between the defendant and his contractor, and the time when he contracted and parted with the control of his property. But it does appear that subsequent to the first contract a second contract was made, which did contemplate going to a depth of 14 feet; and the claim is now urged upon this court that, because the defendant parted with the possession of the property to the contractors under a contract to go 10 feet, when he made a new contract to go 14 feet, a recovery could only be had against the contractors. This proposition does not merit discussion.

It is urged that errors were committed because of the refusal of the court to charge certain requests of the defendant. It would appear that one of those requests was charged, which was clearly too favorable to the defendant, as no such rule as is there laid down obtains; exactly the reverse of the proposition having been held in the case of Bernheimer v. Kilpatrick, 53 Hun, 316, 6 N. Y. Supp. 858. It is further claimed that it was error to refuse the request of the defendant to charge that, if there were any defects in the plaintiff's building before the defendant

began to build, and that, while the defendant was endeavoring to support this building, these defects became enlarged, and the defendant was not guilty of negligence, the plaintiff cannot recover. It certainly was not error to refuse this request. The statute does not say anything about negligence. It provides that excavators shall at all times from the commencement to the completion of the excavation, at their own expense, preserve such wall from from injury, and so support the same by a proper foundation that it shall remain as stable as before the excavations were commenced. It is entirely immaterial, as far as this act is concerned, whether the excavator allows the adjoining house to fall scientifically or negligently. The same rule of damage obtains in either case. Various other exceptions are raised by the record, but none of them seem to need any special discussion.

The judgment and order should be affirmed, with costs. All concur.