## PALTEY et al. v. EGAN.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

**1. MASTER AND SERVANT (§ 322*)—INDEPENDENT CONTRACTORS—INJURY TO TENANT'S GOODS.**

Where a landlord contracted with an independent contractor for the excavation of a lot adjoining the building occupied by the tenant as a store, the landlord was not liable for injuries to the tenant's goods by the collapsing of the building after the shoring was removed by the contractor, where the landlord was not present when it was removed and had no knowledge thereof; the building having been properly shored.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1263; Dec. Dig. § 322.*]

**.2. APPEAL AND ERROR (§ 171*)—REVIEW—CHANGE OF THEORY ON APPEAL.**

The theory of the case cannot be changed on appeal in order to procure a reversal; and where, in an action for damage caused by the collapse of defendant's building, which was occupied by plaintiff, plaintiff did not object to trying the case on the theory of negligence in causing the building to collapse, he could not urge defendant's liability on appeal on the ground of his breach of covenant as a landlord.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1055; Dec. Dig. § 171.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Adolph Paltey and another against Patrick B. Egan. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

See, also, 58 Misc. Rep. 345, 111 N. Y. Supp. 13.

Argued before PATTERSON, P. J., and LAUGHLIN, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Louis J. Vorhaus, for appellants.

James Kearney, for respondent.

HOUGHTON, J. On a former trial plaintiffs recovered a verdict against the defendant for injury to their merchandise on the announced theory of a violation of the provisions of the Building Code in causing an excavation more than 10 feet below the curb line. This court held that the action was not maintainable on that theory. 122 App. Div. 512, 107 N. Y. Supp. 444.

The complaint contains appropriate allegations in negligence, and the present trial was had upon that theory. The jury rendered a verdict in plaintiffs' favor. By consent the court reserved decision upon the motion to dismiss the complaint until the coming in of the verdict. On the verdict being rendered, the court set it aside and granted the motion dismissing the complaint.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The wall of the building occupied by plaintiffs and owned by the defendant fell into an excavation on the adjoining lot, also owned by defendant. The defendant had let the contract for the excavation to an independent contractor. The court, without objection by plaintiffs, properly eliminated any negligence because of improper excavation, and submitted to the jury the question of defendant's negligence in failure to observe the dangerous condition of the wall and failure to remedy it by shoring up. The evidence discloses that the wall had been properly shored up, but upon the shoring being taken away by the contractor the wall immediately collapsed. There is no proof that the defendant was present when this shoring was removed, or that he knew of its being removed, and failed to protest. The court was therefore right in saying that there was no evidence upon which negligence on his part could be founded in this respect.

The plaintiffs now seek a reversal of the judgment on the ground that, they being tenants of the defendant, he as landlord violated his duty to them in causing, by himself or through his contractor, the collapse of the building which they occupied. The difficulty with this position is that by acquiescence of the plaintiffs the cause was tried, not on this theory, but on the theory of negligence. A party cannot acquiesce in the trial of a cause upon a specific theory, and then urge as ground for reversal that he has established a cause of action on an entirely different theory. The plaintiffs had obtained an order permitting them to amend their complaint, by changing it to breach of covenant, the terms of which they refused to accept. Even if the complaint under its allegations could be construed to be one for breach of covenant, the case was not tried upon that theory. It was tried as an action in negligence, and the court was right in saying that the plaintiff failed to prove a cause of action. There was no suggestion that the case be submitted on any other theory, or that the complaint stated other than a cause of action for negligence, and before the summing up the court announced upon what theory the question would be submitted to the jury, and there was no protest against following the course marked out by the court.

Under the circumstances, the dismissal of the complaint was proper, and should be affirmed.

Judgment affirmed, with costs.

PATTERSON, P. J., and McLAUGHLIN and SCOTT, JJ., concur. LAUGHLIN, J., dissents, on his dissenting opinion on former appeal. 122 App. Div. 512, 107 N. Y. Supp. 444.