## POST v. KERWIN.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.)

1. MUNICIPAL CORPORATIONS (§ 601*)—BUILDING CODE—EFFECT AS STATUTE.
   Under Greater New York Charter (Laws 1901, p. 179, c. 466) § 407, Building Code of New York City, § 22, making it the duty of the person excavating more than 10 feet below the curb to preserve the adjoining wall, or using a party wall to preserve the adjoining building, has the same force and effect as a statute.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1333; Dec. Dig. § 601.*]

2. ADJOINING LANDOWNERS (§ 4*)—PARTY WALLS (§ 8*)—LATERAL SUPPORT—VIOLATION OF CITY ORDINANCE—BUILDING CODE.
   Under Building Code of New York City, § 22, making it the duty of the person excavating more than 10 feet below the curb to preserve the adjoining wall, or using a party wall to preserve the adjoining building, the right of action by the adjoining landowners for injuries from an excessive excavation and injurious use of the party wall does not depend on the acts complained of being negligent, and it is no defense to such statutory liability that defendant was free from negligence.
   [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–44; Dec. Dig. § 4;* Party Walls, Cent. Dig. §§ 24–41; Dec. Dig. § 8.*]
   Hirschberg, P. J., and Miller, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Alfred Post against Andrew Kerwin, Jr. From a judgment dismissing the complaint on the merits in an action brought to recover damages to a building owned by plaintiff in consequence of the alleged wrongful and negligent acts of defendant, and from an order denying his motion for a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank Parker Ufford, for appellant.
Charles W. Pierson, for respondent.

RICH, J. There is sufficient evidence in the case, if believed, to sustain a finding against the defendant, under the provisions of section 22 of the Building Code of the City of New York. This Code has the same force and effect as a statute. Greater New York Charter (Laws 1901, p. 179, c. 466) § 407; City of New York v. Trustees, 85 App. Div. 355, 83 N. Y. Supp. 442, affirmed 180 N. Y. 527, 72 N. E. 1140.

The defendant, who was engaged in the construction of a building upon premises adjoining those of plaintiff, testified that the depth of his excavation was 20 feet below the curb at the front of his building and 11 feet at the rear, and that in constructing his new building he used the party wall, on the top of which he constructed a new wall to a height in all of 136 feet. The plaintiff's house had 4 stories and a basement. The building constructed by the defendant was an 11-story office and loft building. There was an issue as to the condition of the party wall at the time the defendant commenced work; but the evidence of the plaintiff and his witnesses, if believed by the jury, was sufficient to sustain a finding that it was in good condition and sufficient for the use of the plaintiff's building, upon which defendant's liability might have been based, irrespective of the degree of care used in the work. Dorrity v. Rapp, 72 N. Y. 307; Bernheimer v. Kilpatrick, 53 Hun, 316, 6 N. Y. Supp. 858, affirmed 127 N. Y. 672, 28 N. E. 255; Cohen v. Simmons, 66 Hun, 634, 21 N. Y. Supp. 385, affirmed 142 N. Y. 671, 37 N. E. 571. The learned trial court charged the jury:

"This action is for negligence. Plaintiff, therefore, must establish the facts entitling him to recover by a fair preponderance of proof and from the evidence. He must show that the defendant was negligent, and he must be free from contributory negligence. Failing in either, he cannot recover."

He then directed the attention of the jury to the provisions of the Building Code, and correctly instructed them as to the duties and liability of the defendant thereunder. He concluded his charge with the following language:

"This case, as I said at the outset, is one of negligence. If you find for the plaintiff, it must be because he has satisfied you by a fair preponderance of proof of the negligence of this defendant and his own freedom from contributory negligence."

I think the effect of this charge was to instruct the jury that, although they found from the evidence facts which might establish the liability of the defendant, because of his having carried the excavation for his building to a depth of more than 10 feet below the curb, and had used the party wall, which was in good condition and sufficient for the use of plaintiff's building, nevertheless the plaintiff could not recover unless they found in addition that the defendant was negligent in making such excavation and in the user he made of the party wall. These instructions were erroneous and prejudicial, because the plaintiff had established a case, if his evidence was to be believed, clearly within the provisions of a statute which imposed duties

and liabilities, absolute, unqualified, and in no manner dependent upon the degree of care exercised by the defendant in the conduct of his building operations.  Such statutory liability cannot be avoided by showing that in the work the defendant exercised due care and was free from negligence.

While it is true, as contended, that the court charged in form that the liability under the Building Code was absolute, it specifically instructed the jury, at the commencement and conclusion of its charge, that the action was for negligence, and that the plaintiff could not recover unless he had satisfied them by a fair preponderance of the evidence that the defendant was negligent.  The charge of the learned trial justice was perfectly clear, and the jury must have understood that, notwithstanding anything he had said regarding such liability, they could not render a verdict for the plaintiff unless they found the defendant negligent in his performance of the work and user of the party wall.  The basis of defendant's liability was thus made the existence of negligence, and excluded all other grounds of liability.  In view of the emphasis these instructions placed upon the necessity of defendant's negligence being established as a condition precedent to plaintiff's recovery, I think it is reasonably certain that the plaintiff was prejudiced, and that the error of the learned trial justice is so substantial as to call for a reversal.

The judgment and order must be reversed, and a new trial granted; costs to abide the event.

BURR, J., concurs.  GAYNOR, J., concurs in separate opinion. HIRSCHBERG, P. J., and MILLER, J., dissent.

GAYNOR, J.  It is provided by section 22 of the Building Code of the City of New York (1) that when excavation for the purpose of erecting a building shall be made deeper than 10 feet below the curb, the person causing the excavation to be made, i. e., the owner or lessee doing the work, shall, at his own expense, preserve the adjoining wall and structure "from injury, and support the same by proper foundations, so that said" wall and structure "shall be and remain practically as safe as before such excavation was commenced"; and (2) that if there be a party wall which is to be used, "and such party wall is in good condition and sufficient for the use of the adjoining building," such person causing such adjoining excavation shall at his own expense "preserve such party wall from injury, and support the same by proper foundations, so that said party wall shall be and remain practically as safe as before the excavation was commenced."

The complainant alleges that the defendant did not do these things, and injured his building.  It is true that it charges the acts and omissions of the defendant as wrongful and negligent, whereas the law is that the liability for breach of the duty imposed by these provisions is absolute, and does not depend on negligence at all.  Dorrity v. Rapp, 72 N. Y. 307.  The learned trial judge took the learned pleader at his word, however, and charged the jury that if there was no negligence the plaintiff could not recover, and when requested to correct this, and charge that the liability was absolute, and not dependent on neg-

ligence, refused, on the ground that the complaint was for negligence. It would be entirely agreeable to me to side with him, for courts should not be misled by such slovenly and unscientific pleadings, and then have error predicated thereon. But in the looseness of our practice, this, it seems, will not do. It is quite the custom, for instance, for answers to set up things as affirmative defences, which are not defences at all, but embraced in the issue raised by denial or denials; and yet if a trial judge in such a case takes the pleading at its word, and charges the jury that the burden is on the defendant to make out his pleaded defence by a preponderance of evidence, he will be held in error. Whitlatch v. Fidelity & Casualty Co., 149 N. Y. 45, 43 N. E. 405. I therefore suppose we must regard the words "wrongful" and "negligent" in this complaint as mere surplusage, attributable to the immemorial desire of pleaders to deal in hard words, out of which no pleader nor any one else ever yet got a dividend.

The complaint does not plead the said section of the Building Code, or allege the violation of any duty imposed by it. But that was not necessary. It is never necessary to allege the law, common or statute, which makes the defendant liable. The way is to allege the acts or omissions which did the injury, and if they were a breach of duty, whether by common law or by statute matters not. In either case, and the same in each, the law is not pleaded but only cited to the court on the trial to show the acts or omissions which are breaches of duty. It is true that when an action or defence is "founded on" a private statute, which phrase embraces city or local ordinances, the private statute or ordinance has to be pleaded, except where it has been referred to and recognized by a public statute, in which case the courts will take notice of it the same as of public statutes, without it being pleaded (20 Encyc. Pl. & Pr. 597); and that is the case with this Building Code (N. Y. Charter, § 407). It is a common thing in actions for negligence to put ordinances in evidence to prove or help to prove negligence, without their having been pleaded, and they do not need to be pleaded.