ROSENSTOCK et al. v. LAUE.

(Supreme Court, Special Term, New York County.   April 18, 1910.)

ADJOINING LANDOWNERS (§ 4*)—EXCAVATION—ADJOINING BUILDING—DUTY TO PROTECT—"SHALL BE CARRIED"—"SHALL BE INTENDED."

New York Building Code, § 22, provides that, whenever an excavation shall be intended to be or shall be carried to the depth of more than 10 feet below the curb, the person or persons causing such excavation to be made shall preserve from injury and support the walls of adjacent buildings. *Held*, that the words "shall be carried," in addition to the words "shall be intended," indicate a legislative intention not to exempt an owner merely because his excavation was not intended to be more than 10 feet, if in fact it should be carried below that depth; and hence the fact that specifications for defendant's building only required a 10-foot excavation did not relieve defendant from liability for injuries caused to the wall of plaintiff's adjoining building by the act of an independent contractor in excavating to a greater depth.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–44; Dec. Dig. § 4.*]

Action by Bernhard Rosenstock and another against Charles Laue. On demurrer to a separate defense.   Sustained.

Samuel Hellinger, for demurrants.

De Forest Bros. (Robert Thorne, of counsel), opposed.

GIEGERICH, J.. The plaintiffs demur upon the ground of insufficiency to a separate defense set up in the answer.   The action is based upon an alleged violation by the defendant of section 22 of the Building Code of the city of New York in making an excavation on his ground for building purposes to a depth of more than 10 feet below the curb without preserving from injury and properly supporting the wall of the adjoining building owned by the plaintiffs.   The defense demurred to, so far as it is material to quote it, alleges that the defendant entered into a contract with one Duffy whereby the latter agreed to make the excavation of the premises according to specifications to be furnished; that the specifications which were furnished provided that the depth of the excavation should be 10 feet below the curb; that Duffy took possession of the premises and entered into exclusive control of the work, workmen, and furnishing of materials under his contract, and was so in possession at the time of the alleged injury to the plaintiffs' building.

The defendant concedes that, had he authorized an excavation of over 10 feet in depth, he would have been liable for the injury, even though it had been caused by the act of a competent independent contractor.   See Dorrity v. Rapp, 72 N. Y. 307; Cohen v. Simmons, 66 Hun, 634, 21 N. Y. Supp. 385, 387.   Section 22 of the Building Code provides that, whenever an excavation "shall be intended to be or shall be carried to the depth of more than ten feet below the curb, the person or persons causing such excavation to be made" shall preserve from injury and support the walls of adjacent buildings.   The defendant claims that, inasmuch as he contracted for an excavation to extend to a depth of only 10 feet, he never did any act to bring him within the terms of the statute quoted, and that the carrying of the excavation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

below the depth of 10 feet was the act of an independent contractor not authorized or caused by him and for which he is in no wise liable. I am of the opinion that the use of the words "shall be carried," in addition to the words "shall be intended," indicates that the Legislature did not mean to exempt the owner who would otherwise be liable under this act merely because the excavation he had intended was not to be more than 10 feet if in fact it should be carried below that depth. A fair construction of the language of the statute, which is remediable in its nature and should be liberally construed (Bernheimer v. Kilpatrick, 53 Hun, 316, 6 N. Y. Supp. 858, affirmed 127 N. Y. 672, 28 N. E. 255), leads to the conclusion that the defendant in this case was the person causing the excavation to be made, and, consequently, that he is liable, notwithstanding the fact that the excavation he intended was not to be more than 10 feet below the curb.

The attorney for the defendant calls attention to the serious risk imposed upon the owner of property if he is held responsible for the acts of an independent contractor in making such excavations. It should be borne in mind, however, that in a case like this the interests of another landowner are placed in jeopardy, and that, too, an owner who has no power of selecting or controlling the independent contractor who makes the excavation and causes the damage. As between the two owners in such a situation it is only equitable and in accordance with public policy that the owner who causes excavations to be made, and who sees fit to delegate such dangerous work to another, should be held responsible for any damage resulting from the act of the one he selects. Such apparently was the theory of the Legislature when they used the words "person causing such excavation to be made;" instead of the words "making such excavation," which latter might have been held to mean an independent contractor who was doing the work.

In Paltey v. Egan, 122 App. Div. 512, 515, 107 N. Y. Supp. 444, Mr. Justice Patterson, in the prevailing opinion, in speaking of the section now under consideration, said that it related to the duty and obligation of one owner of land under given circumstances to protect the land and building of an adjacent owner; and in Post v. Kerwin, 133 App. Div. 404, 407, 117 N. Y. Supp. 761, 763, Mr. Justice Gaynor, in a concurring opinion, defined the expression "person causing the excavation to be made" as meaning "the owner or lessee doing the work." In Post v. Kerwin, supra, it was held that an action under the statute under consideration was not an action in negligence, and that the rule as to reasonable care on the defendant's part had no application, and that the duty imposed was an absolute one and unqualified and in no manner dependent upon the degree of care exercised by the defendant in the conduct of his building operations. In similar manner, it should be held that the doctrine of independent contractors, so well recognized and established in negligence cases, has no place under this statute.

The demurrer should be sustained, with costs, with leave to defendant to amend within 20 days after service of a copy of the interlocutory judgment to be entered and notice of entry thereof.