### BLOOMINGDALE v. DUFFY.

(Supreme Court, Appellate Term. February, 1911.)

1. ADJOINING LANDOWNERS (§ 4*)—LATERAL SUPPORT—EXCAVATION ON ADJOINING LAND.

The common-law rule that the owner of land is entitled to have it supported in its natural condition by the adjacent land does not apply when the land is incumbered by buildings; he being bound in such case to protect his buildings and land from injury because of excavations on adjacent land.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–44; Dec. Dig. § 4.*]

2. ADJOINING LANDOWNERS (§ 4*)—LATERAL SUPPORT—INJURIES FROM EXCAVATION—BUILDING CODE.

New York City Building Code, § 22, based on Consolidation Act 1882 (Laws 1882, c. 410), § 474, providing that, whenever an excavation is made to the depth of more than 10 feet below the curb, "the person or persons causing such excavation to be made" shall, at his or their expense, preserve any adjacent structures from injury and support them by proper foundations, so that they shall remain practically as safe as before the excavation was commenced, requires an owner, in building, to leave the foundations of an adjoining building as firm as they were before the ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cavation was made; and, if such building is caused to settle, the person causing the excavation is liable, irrespective of the degree of care used.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21-44; Dec. Dig. § 4.*]

3. ADJOINING LANDOWNERS (§ 4*)—USE OF LAND—INJURIES FROM EXCAVATION —PERSONS LIABLE.

The liability imposed by section 22, New York Building Code, is upon the person causing the excavation to be made, so that the owner of land, who was having the building erected, and not the person contracting to dig the excavation, would be liable for resulting injuries to adjacent property.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. § 36; Dec. Dig. § 4.*]

Appeal from City Court of New York, Trial Term.

Action by Emanuel W. Bloomingdale against Mary A. Duffy, as executrix of the last will and testament of James J. Duffy, deceased. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

James A. Allen (Willard S. Allen, of counsel), for appellant.
Hays, Hershfield & Wolf (Daniel P. Hays, of counsel), for respondent.

PAGE, J. This action was brought to recover damages sustained by plaintiff to his building by reason of an excavation made by defendant's testator on adjoining premises for the purpose of erecting a new building. The premises upon which the excavation was made were owned by the Staple Realty Company, which made a contract with the defendant's testator to make the excavation, and to do the shoring and bracing of the plaintiff's building. After the excavation was made, another contractor drove piles for the purpose of laying the foundation, and then another contractor did the masonry work underpinning the foundation of plaintiff's building, and by means of bluestone binders and tie rods connecting the foundation walls of the new building with plaintiff's building. While the work was in progress, plaintiff's building settled, causing the walls to crack, and a portion of the earth from plaintiff's lot fell into the excavation, whereby plaintiff suffered damage.

At the opening of the case, plaintiff withdrew the second cause of action, and defendant moved to dismiss the complaint, on the ground that the statute imposed no duty upon defendant's testator with respect to the plaintiff's building, but that the obligation rested upon the owner of the premises adjoining plaintiff's building, who caused the excavation to be made. The motion was renewed at the close of plaintiff's case, and again at the conclusion of the trial. These motions were severally denied, and exceptions duly taken.

In this the court erred. At common law the owner of land is entitled to have it supported, in its natural condition, by the land of the adjoining owner; but, when the land is burdened by buildings, the adjoining owner owes no obligation to the owner of the building, and

can excavate alongside the building, and the owner thereof must protect his own building.    By section 22 of the Building Code it is provided:

"Whenever an excavation of either earth or rock for building or other purposes shall be intended to be, or shall be, carried to the depth of more than ten feet below the curb, the person or persons causing such excavation to be made shall at all times, from the commencement to the completion thereof, if afforded the necessary license to enter upon the adjoining land, and not otherwise, at his or their own expense, preserve any adjoining or contiguous wall or walls, structure or structures from injury and support the same by proper foundations, so that the said wall or walls, structure or structures, shall be and remain practically as safe as before such excavation was commenced, whether the said adjoining or contiguous wall or walls, structure or structures, are down more or less than ten feet below the curb."

The obligation is not merely, as contended by plaintiff, and as stated by the learned trial judge, to keep the premises "practically as safe as it was before the excavation was commenced and until the final completion of the excavation in question"; but the obligation is also to leave the foundations of the adjoining house as stable as they were before the excavation, and if, from the weight of the new building the old building is caused to settle, the person causing the excavation would be liable for the damage.    Bernheimer v. Kilpatrick, 53 Hun, 316, 6 N. Y. Supp. 858.    Therefore the obligation of the statute applies, whether the injury was caused by the excavation, improper masonry work in underpinning, or in the construction of the walls, or from the foundations that were placed under the new building and connecting with the old, settling by reason of the weight of the new structure.

Is it reasonable to suppose that it was the intent of the Legislature (this section of the Building Code has the effect of a statute, and is based upon section 474 of the consolidation act of 1882 [Laws 1882, c. 410]) to impose this liability upon the person that had the contract for digging the excavation?    Counsel admit that they have discovered no case that so holds.    The words, "the person causing such excavation to be made," must refer to the owner of the adjoining property, or one having such an interest therein as to entitle him to cause to be erected thereon a building, and the word "owner" was probably not used, for the reason that when, as is frequently the case, the owner has leased the land for a long period of years, and the tenant erects a building thereon, the obligation of the statute should rest on the tenant, and not on the owner, as the efficient cause of the excavation.

The fact that defendant's testator had contracted with the owner to do the shoring and bracing of plaintiff's building does not relieve the owner from his liability (Dorrity v. Rapp, 72 N. Y. 307); the court holding in that case, after stating the common-law rule:

"This being the state of the common law upon the subject, the Legislature, in 1855, interposed to regulate the exercise by owners of land in the cities of New York and Brooklyn of the right of excavation, and to afford to owners of buildings a new protection against injuries from excavations on adjoining lands.  *  *  *  The fact that he made a contract with Sullivan to do the work did not exempt him as the owner of the premises from the performance of the duty imposed by statute upon the party 'causing the excavation to be made.' "

If defendant's testator did the work negligently, he would have been liable to the owner, with whom he made his contract, but not because thereof, to the adjoining owner. The liability imposed by statute is not predicated upon the degree of care used, but is absolute and unqualified. Post v. Kerwin, 133 App. Div. 404, 117 N. Y. Supp. 761. Nor can plaintiff recover from defendant's testator, on the theory that the contract was for his benefit. The action was, therefore, improperly brought against defendant, and the motions to dismiss should have been granted.

The judgment will therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.