### BRADY *et al. v.* CASSIDY *et al.*

(*Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. AMENDMENT OF PLEADING.
    The granting of leave to file an amended complaint is a matter within the discretion of the court, and cannot be objected to, though the amount claimed in the amended is greater than that claimed in the original complaint.
2. SAME—CONDITIONS.
    The plaintiffs, having unreasonably delayed an application for leave to file an amended complaint after a decision of the court of appeals declaring the original faulty, were required to assume the costs of the action as a condition upon which such leave would be granted. *Held* that, as a further penalty, the plaintiffs should have been required to stipulate that, in the event of their successful issue in the action, the costs of the former trials and appeals therein should not be taxed against the defendants.

Appeal from special term.

Action by Harriet A. Brady, executrix, and another, against Patrick Cassidy and another, to recover the price of goods sold and delivered to the defendants. The defendants appeal from an order allowing the plaintiffs to amend their complaint.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Horwitz & Hershfield*, (*Otto Horwitz*, of counsel,) for appellants. *Weeks & Forster*, (*Henry A. Forster*, of counsel,) for respondents.

BISCHOFF, J. Plaintiffs, as the excutrix, etc., of Alfred Brady, deceased, brought this action against the defendants to recover upwards of $11,000 for a stock of plumber's castings alleged to have been sold by plaintiffs to defendants. The action was commenced in August, 1883, and first tried in 1885, and the judgment then recovered by plaintiffs was reversed by the court of appeals for errors in the rulings of the trial justice. 10 N. E. Rep. 131. The reversal occurred in January, 1887, and in March, 1888, the cause was again reached for trial. On the second trial the justice intimated that plaintiffs had failed to prove the cause of action set forth in the complaint, and permitted counsel to withdraw a juror to enable him to apply at special term for leave to serve an amended complaint. Such application was made, and plaintiffs were required, as a condition to the granting of leave to serve the amended complaint, to pay the costs of the action, not exceeding the sum of $300. From the order granting such leave the defendants have appealed, urging substantially three grounds for its reversal: *First*, that the order should have been denied altogether; *second*, that plaintiffs should not have been permitted to increase the amount of the demand in the original complaint; and, *third*, that severer terms should have been imposed upon plaintiffs. The only change contemplated by the amended complaint is to permit plaintiffs to demand recovery for merchandise actually delivered under the contract of sale entered into by and between the parties, instead of a recovery for the sum agreed to be paid by the defendants upon full and complete performance of the contract of sale by the plaintiffs, and it was therefore within the discretion of the court at special term to grant the application for leave to serve it, (*Hatch* v. *Bank*, 78 N. Y. 487; *Eighmie* v. *Taylor*, 39 Hun. 366; *Beck* v. *Allison*, 56 N. Y. 366, 373; Code Civil Proc. § 723; 1 Rum. Pr. p. 284, § 2;) and it is no objection to the granting of leave to serve an amended complaint that the sum originally demanded is thereby increased, (*Reed* v. *Mayor, etc.*, 97 N. Y. 620.) The order appealed from thus appearing to be discretionary, we ought not to interfere, unless the discretion appears to have been abused by an unjust disregard of defendants' rights. After a careful

examination of all the papers and testimony presented on this appeal, we cannot say that such an abuse has been shown to exist.   The great delay which plaintiffs permitted to intervene between the decision of the court of appeals and the application for leave to serve an amended complaint, and the fact that plaintiffs proceeded with a second trial upon the original complaint, are circumstances which should have been considered by the court in concluding to grant the relief asked for.   That these circumstances were properly considered is shown by the imposition upon plaintiffs of all the costs of this action, not exceeding $300; certainly terms much severer than those ordinarily imposed.   We think that as a further penalty, and because the former proceedings were necessarily futile because of plaintiffs' defective pleading, they should also have been required to stipulate that, in the event of plaintiffs' successful issue in this action, they will not tax the costs of the former trials and appeals had herein; but we cannot agree with the contention of the able counsel for defendants that, because the defendants have already been subjected to great expense in resisting the claim in suit, the plaintiffs should be required to reimburse them to an extent greater than the payment of the costs imposed. Plaintiffs are prosecuting this action in a fiduciary capacity, and their good faith is not in any way impugned.   The estate which they represent has for more than eight years been deprived of all compensation for the merchandise actually delivered to defendants, and they also have been subjected to much vexation and expense in their efforts to recover.   These circumstances appeal as much to the leniency of the court as the suffering of considerable expense by the defendants, in resisting every part of the claim in suit, call upon it to impose upon the plaintiffs, as a condition to the granting of the relief, terms far in excess of those usually imposed upon like applications.   The order appealed from should be modified so as to require plaintiffs to stipulate that they will waive all costs of the former trials and appeals herein in the event of a recovery against the defendants, and, as modified, the order should be affirmed, but without costs to either party.   All concur.