(40 App. Div. 444.)

### McENTYRE v. TUCKER.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

PLEADING—AMENDMENT—TERMS.

   Where plaintiff recovers a judgment, and upon appeal it is reversed, with costs to defendant, to abide event, for the reason that the complaint is insufficient, plaintiff will be permitted to amend his complaint only on condition that he pay defendant's costs and disbursements for all proceedings subsequent to the service of the complaint, and also the costs and disbursements of the appeal.

Appeal from special term, New York county.

Action by Patrick B. McEntyre against Clarence Tucker. Application by plaintiff for permission to serve amended complaint. Application granted, and defendant appeals. Modified, and affirmed as modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

A. J. Baldwin, for appellant.
H. G. Atwater, for respondent.

VAN BRUNT, P. J. This action was upon a building contract, and was originally brought in the court of common pleas, in 1882. A trial was had before the referee appointed by the court, and a judgment was entered dismissing the complaint. Upon appeal this judgment was reversed, with costs to the plaintiff to abide the event. A new trial being had, the plaintiff recovered. Upon appeal this judgment was reversed upon the ground that under the pleadings the plaintiff could not recover, and costs were awarded to the defendant, to abide the final event. The plaintiff, finding that he could not succeed as the pleadings stand at present, moved the court for leave to amend in a material particular. This motion was granted upon the payment of $50, and $10 costs of motion. The defendant thereupon appealed from such order.

It seems to us that the terms upon which the motion was granted were entirely inadequate. It is conceded by the motion that the plaintiff cannot recover in the present form of action. The defendant was therefore justified in defending; and for the costs and disbursements to which he has been put in the establishment of a successful defense, he is entitled to be reimbursed. It seems to us, there-

fore, that he is entitled to recover his costs and disbursements for all proceedings subsequent to the service of the complaint, and also to recover the costs and disbursements of appeal, where such costs were given to him to abide the event of the action.

The order should be modified to this extent, and as modified affirmed, without costs.　All concur.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.