(81 App. Div. 603.)

### LINDBLAD et al. v. LYNDE.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. PLEADINGS—AMENDMENT—COSTS.
　　Where plaintiff cannot recover on his complaint as it stands, he should be taxed, on leave to amend, with all costs and disbursements incurred subsequent to the service of the complaint.

2. SAME—AMENDMENT WITHOUT PREJUDICE.
　　Under Laws 1900, p. 1326, c. 591, amending Code Civ. Proc. § 723, relative to amendments of pleadings, etc., by providing that the court may, on allowing an amendment to a pleading in a case which is on the general calendar of issues of fact, direct that the case retain its place upon the calendar, the court cannot grant leave to amend "without prejudice to proceedings already had," so as to permit the testimony taken in support of the cause of action as first tried to stand.
　　Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Paul E. Lindblad and Hogo Von Hagen against Elizabeth B. Lynde. From an order allowing amendment of complaint, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry A. Forster, for appellant.
Gilbert Ray Hawes, for respondents.

O'BRIEN, J. The action is to foreclose a mechanic's lien. The parties entered into a building contract whereby the plaintiffs agreed, for the sum of $13,132.60, to erect and finish an extension to, and make certain alterations in, the defendant's house. The complaint alleged full performance of the contract and specifications, and states that there has been paid to the plaintiffs for their work $16,185.25, and that there is still due them for extra work $2,599.90, to recover which sum this action is brought. The specifications contained the provision that "no extra charge will be allowed unless ordered by the owner in writing, and in that event it must be specifically stated that the work to be done is extra." The defense was nonperformance of this condition.

Proceeding upon the theory alleged in the complaint, of full performance, the case was reached for trial; but, instead of sustaining the allegations in support of this theory, the plaintiffs sought

¶ 1. See Pleading, vol. 39, Cent. Dig. §§ 630, 631.

to introduce parol evidence of excuses and reasons for nonperform-
ance and of waivers of performance. Such evidence was excluded,
and then, at the plaintiffs' request, the trial was adjourned for two
weeks to enable them to amend their complaint. Thereafter some
efforts were made to reach a settlement. These, however, resulted
in failure, and the plaintiffs, instead of availing themselves of their
privilege of moving to amend the complaint, elected again to pro-
ceed with the trial.

On the new trial the attempt to introduce evidence showing grounds
for nonperformance was again unsuccessful, and such evidence was
again excluded. The court, instead of dismissing the complaint, sent
the case back, on the plaintiffs' application, to the general calendar
upon payment of $30 costs, with leave to move at Special Term for
an amendment of the complaint. These costs were paid to defendant,
and thereafter this motion to amend was made, and granted upon
the following conditions, viz.: On payment of $10 costs of this mo-
tion, "without prejudice to proceedings already had."

As said in McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp.
146: "It seems to us that the terms upon which the motion was
granted were entirely inadequate. It is conceded by the motion that
the plaintiff cannot recover in the present form of action. The de-
fendant was therefore justified in defending, and for the costs and
disbursements to which he has been put in the establishment of a
successful defense he is entitled to be reimbursed." See, also, as to
terms which should be imposed, Fox v. Davidson, 40 App. Div. 620,
58 N. Y. Supp. 147; Bates v. Salt Springs Nat. Bank, 43 App. Div.
321, 60 N. Y. Supp. 313. We think, therefore, that the court should·
have required, as a condition of the amendment, the payment of all
costs and disbursements subsequent to the service of the complaint,
to be taxed.

We also think, upon the facts here appearing that it was improper
to grant the motion "without prejudice to proceedings already had."
Prior to the amendment of section 723 of the Code of Civil Pro-
cedure in 1900 (Laws 1900, p. 1326, c. 591) a provision of this kind
in an order was unauthorized, and, although the insertion of such
a condition is now discretionary, this necessarily means legal discre-
tion. So far as this provision permits the case to hold its present
position on the calendar, we have no criticism to make; but, if it is
intended thereby to permit the testimony already taken in support
of the old cause of action to stand, it should not upon the facts here
appearing be allowed, as this would affect a substantial right.

The order should accordingly be modified by imposing costs and
disbursements as above indicated, and by requiring the plaintiffs upon
the new issues to try the case de novo, and as modified affirmed,
without costs to either party upon this appeal.

McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I think the motion should have been denied.