(58 Misc. Rep. 345.)

### PALTEY et al. v. EGAN.

(Supreme Court, Special Term, New York County.  March, 1908.)

PLEADING—COMPLAINT—AMENDMENT.

> Certain tenants sued to recover for damages sustained by the collapse of a building from an alleged failure to shore up the walls while excavating on adjoining property.  The theory of the action was that of defendant's violation of the provisions of the building law.  The appellate court reversed a verdict for plaintiffs on the ground that there was a misapprehension of plaintiffs' rights.  *Held*, that plaintiffs were entitled to amend their complaint by alleging a breach of covenant for quiet enjoyment on payment of costs and disbursements.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 630–634, 686–709.]

Action by Adolph Paltey and Gumpert Alexander against Patrick B. Egan.  Motion to amend complaint granted.

See 122 App. Div. 512, 107 N. Y. Supp. 444.

House, Grossman & Vorhaus, for plaintiffs.

James Kearney, for defendant.

LEVENTRITT, J.  The plaintiffs instituted this action to recover damages alleged to have been sustained by the collapse of the premises No. 65 East Eighth street, in this city, of which they were tenants.  They attributed their loss to the negligence of the defendant in failing, while excavating on adjoining property, to properly shore up the walls of the building occupied by the plaintiffs.  The case was originally tried and presented to the jury as one arising solely from a violation of or noncompliance with the provisions of section 22 of the building law, and upon the theory that the plaintiffs were interested in the observance of the duty imposed by the statute, and were therefore entitled to enforce a claim for damages for its violation.  A verdict in favor of the plaintiffs has been reversed on the ground that the statute referred to does not operate in favor of a tenant.  Paltey v. Egan, 122 App. Div. 512, 107 N. Y. Supp. 444.  In the course of the opinion the court say:

> "The fall of the building was caused by some negligence of Egan or the contractor.  The front of building No. 65 had been taken out, and in the progress of the work of alteration of the buildings a mass of débris or material was deposited upon one of the floors of the building No. 65, and a supporting beam was withdrawn from the wall.  It was undoubtedly the superincumbent weight of this mass of material, in connection with the general weakening of the structure, that caused the disaster.  We therefore are of the opinion," continue the court, "that this action was brought under a misapprehension of the plaintiffs' proper rights and remedy, and that the judgment and order must be reversed and a new trial ordered.  We do not intend hereby in any way to decide or intimate that the plaintiffs may not maintain a properly constructed action against the defendant Egan for damages sustained by reason of the collapse of the building in which their merchandise was stored."

The criticism of the learned Appellate Division extends therefore to the bringing of the action, which it was said was commenced "under a misapprehension of the plaintiffs' proper rights and remedy." The plaintiffs now move for leave to serve an amended complaint, in which they have pleaded, in addition to the violation of the building

law, the breach of a covenant in the lease that the plaintiffs should peaceably and quietly enjoy the demised premises, and that the defendant would not do or cause to be done any act which would interfere with such enjoyment; that the defendant negligently caused the walls and foundations thereof to be and become weakened and deprived of lateral support, and while in that condition to be overweighted. The sole question presented is that of terms. The plaintiffs have pleaded and tried their action on the theory of statutory liability. The defendant has been compelled to defend on the lines defined by the plaintiffs, and the learned Appellate Division has held that there can be no recovery on that cause of action. Therefore a retrial on the former theory would result in a dismissal of the complaint. The plaintiffs now seek to present a new issue and to retry the case on a different theory. Before they will be permitted to do so, the defendant should be placed in the same position as to costs as if the action had been discontinued and a new one commenced. Thilemann v. Mayor, 71 App. Div. 595, 76 N. Y. Supp. 132. As was said in Bates v. Salt Springs Nat. Bank, 43 App. Div. 321, 60 N. Y. Supp. 313:

"The defendants have been put to the costs in the effort to vindicate their position, and, if the plaintiff desires to try another cause of action, then he should first make the defendants whole for what they have already incurred, to the extent of the taxable costs and disbursements." Lindblad v. Lynde, 81 App. Div. 603, 81 N. Y. Supp. 351.

I do not subscribe to the view that the proposed amendment is but an amplification of the allegations of the original complaint.

The motion will be granted upon payment within 10 days of all the taxable costs of the action to date. Settle order on notice.