rection at the time of making the application, where the statute requires a statement of the number of dwelling houses within a certain distance to be stated, and consents to be filed of a majority of the owners of such dwelling houses, it is not a compliance with the statute to intend to make changes in the entrances of the licensed place to exclude a dwelling house which is in fact at the time within the territory contemplated by the statute. The law requires a true statement of the material facts as they exist at the time, not what they may be at some subsequent time, and it places the burden of making this statement upon the applicant, who is bound to know the truth. The applicant in this case undoubtedly did know the truth, for it appears that he directed the measurements to be made from the place where he intended to make a new entrance, in abandoning the old, and he took his certificate with this defect in its title, and he now has no reason to complain at the result of the special proceeding. This is the doctrine laid down in Matter of Barnard, 48 App. Div. 423, 63 N. Y. Supp. 255, and is not inconsistent with the view of this court expressed in Matter of Purdy, 40 App. Div. 133, 57 N. Y. Supp. 629.

There are other matters involved in this case which it does not seem necessary to discuss or determine, in view of the conclusion which we have reached upon the exclusion of the dwelling house above considered from the statement made by the defendant in his application.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.

***

WOOLSEY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 3, 1908.)

APPEAL AND ERROR (§ 1201*) — REVERSAL — PROCEEDINGS IN LOWER COURT—
    AMENDMENT OF PLEADINGS—TERMS.
    Where a judgment for plaintiff was reversed, because it was not sustained by the allegations of the complaint, a motion to amend the complaint should be allowed only on payment of all costs accruing after service of the answer.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1201.*]

Appeal from Special Term, Kings County.

Action by Lizzie Woolsey against the Brooklyn Heights Railroad Company. From an order allowing an amendment to the complaint, defendant appealed. Affirmed, as modified.

See, also, 123 App. Div. 631, 108 N. Y. Supp. 16.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Francis R. Stoddard, Jr., for appellant.
Adolph Ruger, for respondent.

GAYNOR, J. A judgment for the plaintiff being reversed, she then moved for leave to amend her complaint by a new allegation of

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

negligence, as the ground of reversal was such that recovery could not be had on the original allegation of negligence. The motion was granted on payment of $30. The terms should have been payment of all costs after service of the answer. McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146; Rosenberg v. Feiering, 124 App. Div. 522, 108 N. Y. Supp. 941.

The order must be modified accordingly.

Order modified, in accordance with the opinion of GAYNOR, J., and, as so modified, affirmed, without costs. All concur.