(63 Misc. Rep. 48.)

MANHATTAN ROLLING MILL v. DELLON.

(City Court of New York, Special Term. March, 1909.)

1. PLEADING (§ 248*)—AMENDMENT—NEW CAUSE OF ACTION.

In an action on a guaranty for goods sold, an amendment to the complaint alleging that goods were sold under the guaranty to the value of $1,200, instead of $46, as alleged in the original complaint, did not substitute a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 687; Dec. Dig. § 248.*]

2. APPEAL AND ERROR (§ 1201*) — REMAND—AMENDMENT OF COMPLAINT—NEW CAUSE OF ACTION.

Under Code Civ. Proc. § 723, authorizing the court upon the trial, or at any other stage of the action, in furtherance of justice, to amend any pleading, upon the retrial of an action after reversal of a judgment for plaintiff, he could amend his complaint so as to substitute a new cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4683; Dec. Dig. § 1201.*]

3. APPEAL AND ERROR (§ 1201*)—REMAND—AMENDMENT OF COMPLAINT—TERMS —COSTS.

In an action on a guaranty for goods sold in the amount of $46, plaintiff can only amend his complaint, on a retrial after reversal of the judgment for him, so as to allege that the goods sold under the guaranty were of a greater value, by paying the costs and disbursements as taxed in the action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4682; Dec. Dig. § 1201.*]

Action by the Manhattan Rolling Mill against George Dellon. On motion for leave to serve an amended complaint. Motion granted, on terms.

See, also, 113 N. Y. Supp. 571.

Walter H. Dodd, for plaintiff.

W. Bennett Marx, for defendant.

FINELITE, J. The plaintiff makes a motion for leave to serve its amended complaint as here interposed. The action was brought upon a guaranty for the sum of $1,200 for goods sold to Dellon, Rabinowitz

& Co. on a running account between them. It appears from the original complaint that the plaintiff sued originally for the sum of $1,153.65, for goods sold before the guaranty was made, and $46.35, being part of the goods sold after the making of the guaranty. On the trial of the action the defendant admitted his liability for the goods sold after the guaranty was made, but contended that he was not liable for the goods sold before it was made. Therefore plaintiff desires to amend, so that the plaintiff may recover for the sum of $1,200, for goods sold to Dellon, Rabinowitz & Co., on the guaranteed running account after the guaranty was made. On the first trial the plaintiff was successful, but on the appeal from the judgment entered thereon the case was reversed, as appears from the following opinion of the Appellate Term:

"The guaranty in question is not ambiguous and it was unnecessary, to resort to the facts and circumstances out of which it arose. The extent of the defendant's obligation must be determined from all of the language used. The language of the guaranty does not disclose any ambiguity. There appears to be nothing in the language which gives the guaranty a retrospective operation, so as to include debts already contracted. Ordinarily a guaranty refers to the future debts, and, in the absence of the clear intention to include an accrued indebtedness, the obligation will not be extended."

The plaintiff by its proposed amended complaint does not set up a new cause of action, but desires that the recovery for goods sold after the guaranty was made be increased from $46.35, as alleged in the original complaint, to $1,200. The plaintiff would be entitled to the relief granted, and the court has the power, even if the complaint was so changed as to abandon its original cause of action and substitute a new one. As was said by Chief Justice Andrews, in Deyo v. Morss, 144 N. Y. 216–219, 39 N. E. 81, 82:

"Whether an amendment of a pleading shall be allowed in such a case is, in general, a matter of discretion in the court. * * * We think this question was, in principle, determined in the case of Brown v. Leigh, 49 N. Y. 78, where it was held that under section 172 of the Civil Code, which permitted a pleading once amended by a party of course and without costs, and an amendment of a complaint which changed the cause of action and substituted another cause of action belonging to a different class, was authorized. The power of amendment given to the court by section 723 of the present Code is entitled at least to as liberal a construction as to power granted to the party to amend, as a right under section 172 of the former Code. The power of the court to grant or deny the relief, or to impose such terms as justice may seem to require, is an adequate protection against an oppressive exercise of the power. To deprive the court of this power would, in many cases, result in injustice and encourage litigation."

"The court may, upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any pleading." Section 723 of the Code of Civil Procedure.

A similar situation arose in the case of Troy & Boston R. R. v. Tibbitts, 11 How. Prac. 168. In that case the plaintiff had recovered judgment in an action after trial by a jury. The judgment was reversed on appeal, and a new trial ordered. The plaintiff then moved to amend its complaint so as to set up a new cause of action. Justice Harrison, writing the opinion on the granting of the motion, said:

"I regard it as very much a matter of course to allow any party to shape his own pleadings to suit himself, and for that purpose to permit him, at any time before trial, to amend his pleadings so as to present his own views of

the questions to be litigated, upon such terms as may be equitable. There is now no restriction upon the power of the court to allow such amendments, even though the effect be to change entirely the whole cause of action or the grounds of defense. It is only when a party seeks to amend his pleadings after trial that the court is prohibited from allowing an amendment which would substantially change the cause of action or the defense. Though there has been a trial, yet, as that trial has been set aside and a new trial ordered, the court has the same power to all the parties to amend their pleadings as though the action had never been tried. And, besides that, it is proposed by amendment to present a very different question for litigation, yet the subject-matter of the action will be the same. The same transactions will yet be the foundation of the action. The theory of the plaintiff's case will be changed, but the claim itself remains substantially the same."

To the same effect, see Schreyer v. Mayor, 39 N. Y. Super. Ct. 277–280; Hatch v. Cent. Nat. Bank, 78 N. Y. 487.

As a condition to allow the plaintiff to serve its amended complaint the court is obliged to impose upon the plaintiff the costs and disbursements as taxed in favor of the defendant. Lindblad et al. v. Lynde, 81 App. Div. 603, 81 N. Y. Supp. 351; Bates v. Salt Spring Nat. Bank et al., 43 App. Div. 321, 60 N. Y. Supp. 313; Brady v. Cassidy (Com. Pl.) 13 N. Y. Supp. 824; McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146; Fox v. Davidson, 40 App. Div. 620, 58 N. Y. Supp. 147; Cranier v. Lovejoy, 41 Hun, 581.

Motion granted, on payment of the costs and disbursements as taxed in the action, exclusive of the costs allowed by the Appellate Term. Settle order on one day's notice.