### FOSTER v. ZAMPIERI et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. Adjoining Landowners (§ 4*)—Excavation—Duty to Shore a Wall—Statutes—Construction.

New York Building Code, § 22, provides that, whenever an excavation shall be intended to be or shall be carried to a depth of more than 10 feet below the curb, the person causing the same to be made shall, if afforded the necessary license, protect and support any adjoining walls at all times from the commencement until the completion of the excavation, and that, if the excavation shall not be intended to be or shall not be carried more than 10 feet below curb, the owner of such wall shall protect it. Held, that an adjoining landowner's liability under such section is not limited to a case where he actually excavates more than 10 feet below the curb, but also obtains where he commences an excavation which he attempts to carry down more than 10 feet, though such intention may not afterwards be carried out.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 22, 34, 35; Dec. Dig. § 4.*]

2. Adjoining Landowners (§ 4*)—Excavation—Duty to Shore Adjoining Walls—Intent.

Defendant's plan approved by the building department showed foundations extending 11 feet below the level of the curb. Plaintiff, who owned the adjoining building, thereupon notified defendants that he should look to them to shore up and protect the adjoining walls of his building, giving permission to go on his premises for that purpose. They did nothing, and, when the excavation was carried to about the bottom of plaintiff's foundation, the Bureau of Buildings notified plaintiff that the adjacent wall of his building was unsafe by reason of the excavation and he must shore it up. Plaintiff again notified defendant to do the work, but they did not do so, whereupon he extended his own foundation down four feet further at an expense of $650. Defendants thereafter changed their intention without making a change in the filed plans and excavated in fact only 10 feet below the curb. Held, that such change of intent at that time did not relieve defendants from liability for the cost of protecting plaintiff's wall under New York Building Code, § 22, imposing such bur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

den on the excavating owner in case an excavation is intended to be carried to a depth of more than 10 feet below the curb.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 22, 34, 35; Dec. Dig. § 4.*]

3. TRIAL (§ 366*)—SPECIAL INTERROGATORIES—SUBMISSION TO JURY—OBJECTION TO FINES.

Defendant could not object to a question, by which a special issue was submitted to the jury, for the first time on the day after the question had been submitted and a sealed verdict had been ordered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 875-878; Dec. Dig. § 366.*]

. Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by George Foster against Attilio J. Zampieri and another. From a judgment for plaintiff and from an order denying a motion for new trial, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and DOWLING, JJ.

Israel J. P. Adlerman, for appellants.
Wilson B. Brice, for respondent.

McLAUGHLIN, J.   The defendants are the owners of certain premises in the city of New York known as No. 17 Cornelia street. In July, 1906, they submitted to the Bureau of Buildings plans for the erection of a building or buildings thereon, the foundations of which were to extend 11 feet below the level of the curb.   The plans were thereafter approved and excavations commenced.   The plaintiff then owned the adjoining premises known as No. 15 Cornelia street, upon which there was a double tenement house, foundations of which extended some 6 feet below the curb.   Through an agent he learned of . the excavation in progress on defendants' premises and ascertained from the contractor in charge, and from the plans on file, that it would be carried down 11 feet below the curb.   He thereupon notified the defendants that he should look to them to shore up and protect the adjoining walls of his building, giving them permission for that purpose to go upon his premises.   They did nothing, however, and about two weeks thereafter, when the excavation had been carried down to about the bottom of the foundation of plaintiff's building, the Bureau of Buildings notified him that the adjacent wall of his building was unsafe by reason of the excavation and he must shore it up. The plaintiff then sent another notice to the defendants that they were bound to protect the wall under section 22 of the Building Code, and if they did not do so at once he would do it himself and charge the expense thereof to them.   They did not do it, and he proceeded to do it himself by having the foundation of the building extended down some four feet further at an expense of $650, and this action is brought to recover that amount from the defendants.   The answer interposed denied the material allegations of the complaint.

At the trial the plaintiff did not prove the depth to which the excavation had actually been made by the defendants, and at the close of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff's case a motion was made to dismiss the complaint on the ground that there could be no recovery unless it was shown defendants had actually excavated to a depth of more than 10 feet below the curb. The motion was denied, and the defendants then introduced evidence tending to show that the excavation had been carried down 10 feet below the curb, but no further. The jury found, in answer to specific questions submitted to them: (1) That the defendants, by express declaration, manifested an intention to excavate to a depth of 11 feet below the curb; (2) that the plaintiff honestly relied upon such declaration; (3) that the reasonable value of the shoring, bracing, and underpinning was $650; and (4) that the defendants did not excavate to a depth of more than 10 feet. Upon these findings the court directed a judgment for the plaintiff for $650 and costs, from which defendants appeal.

The question presented is whether, upon these findings, the plaintiff was entitled to judgment under the provisions of section 22 of the Building Code. That section provides, in substance, that, whenever an excavation "shall be intended to be or shall be carried to the depth of more than ten feet below the curb," the persons causing the same to be made shall, if afforded the necessary license, protect and support any adjoining walls at all times from the commencement until the completion of the excavation, and that, if the excavation "shall not be intended to be or shall not be" carried down more than ten feet, the owner of such wall shall protect the same. There is an obvious inconsistency between these two provisions, and the defendants' claim is that a person making an excavation is under no liability to protect adjoining walls unless he actually excavates more than 10 feet below the curb. But if this is the proper construction, then an adjoining owner would be obliged, in every instance, to protect his walls until the excavation had reached a depth of 10 feet, and the burden would be placed upon him to ascertain whether the excavation were, in fact, carried further than that.

I do not think this is the proper construction of the section. The plain intent of it, as it seems to me, is that a person commencing an excavation which he intends to carry down more than 10 feet is liable at all times for the safety of adjoining walls. That such is the intent and meaning of the section is no longer open to question in this court. In Blanchard v. Savarese, 97 App. Div. 58, 89 N. Y. Supp. 664, affirmed 184 N. Y. 537, 76 N. E. 1089, the plaintiff was the tenant of a factory building, one wall of which collapsed as the result of an excavation on defendants' property adjoining. According to the plans filed, the excavation was to have been only 5 feet below the curb, and no claim was made that the defendants in fact intended to go more than 10 feet. They did, however, ask and receive permission to shore up the adjoining walls and had done some shoring when the wall fell. There was no evidence of negligence in the work actually done, yet it was held that the defendants were liable for the damages sustained by the plaintiff, on the ground that they had indicated an intention, by getting permission and undertaking to shore up the wall, to excavate more than 10 feet. Mr. Justice Bartlett, who delivered the pre-

vailing opinion, in construing the section of the Building Code under consideration, said:

"It will be observed that under the New York Building Code the obligation to sustain an existing wall adjoining land upon which an excavation is proposed to be made exists, not only where the excavation is actually carried to a depth of more than 10 feet below the curb, but also where the intention is to carry it to such depth. The evidence of such intention is naturally to be found in the declarations or actions of the parties who propose to make the excavation. They may say in so many words that they mean to carry it to a depth in excess of 10 feet. If they said so to the owner of the adjoining building, and accompanied the statement by a request for a license to enter his premises, under the Building Code the adjacent owner would be obliged to afford such license or suffer the consequences. But the intention may be manifested by implication as well as by express declaration."

Mr. Justice Woodward, who wrote a dissenting opinion, agreed with Mr. Justice Bartlett that there was an obligation upon the owner of land adjoining the wall of an existing building to support the wall by proper foundation, not only where the excavation of such land was actually carried to a depth of more than 10 feet below the curb, but also where the intention existed to carry it to such depth. He said:

"As I read that Code, it merely provides that, if a man intends to make an excavation more than 10 feet in depth below the curb, he is liable for injury to the adjoining property which results from that excavation before reaching the intended depth. That is, if he intended to go 15 feet below the curb line, and the injury occurred when the excavation had only reached 7 feet, the excavator would be liable, because the intention to go more than 10 feet in depth relieved the neighbor of any duty to protect his own property."

In the case now before us the fact is not disputed the defendants originally intended to go 11 feet. Just when this intention was changed does not appear, but it was not shown that the original plans on file were amended in this respect, or that any notice of such change was given to the plaintiff, at least not until after he had completed the extension of the foundation of his wall so as to render it safe, as directed by the Bureau of Buildings. If he had not done so, and the wall had collapsed at that time, under the case cited, the defendants would have been liable for the damages, and the fact that thereafter they changed their intention, and did not, in fact, carry the excavation more than 10 feet, would be no defense. If this be so, then it seems to me necessarily to follow that the fact that the defendants did not excavate more than 10 feet did not constitute a defense to this action. Plaintiff had been notified by the Bureau of Buildings that the wall of his building was unsafe and he must protect it. As has already been indicated, at that time defendants, having manifested an intent to excavate more than 10 feet below the curb, were bound to protect the wall and would have been liable for its collapse. That being so, the plaintiff had the right to protect the wall at their expense, and it was his duty to do so. To hold that the defendants could escape liability, under such circumstances, by thereafter changing their plans and not carrying the excavation more than 10 feet, would mean that they would not be liable under the same circumstances if the wall had collapsed before the plaintiff had protected it. This would not only

be in direct conflict with the decision of the Appellate Division in the case cited, which was affirmed by the Court of Appeals, but also result in nullifying the beneficial effects sought to be accomplished by the Building Code.

If the defendants had planned their building with the foundation only 10 feet below the curb, as it was in fact constructed, the plaintiff would, of course, have been compelled to protect his wall at his own expense, and it is urged that, having protected the wall himself, he cannot now recover such expense because the defendants' original intention was to go more than 10 feet. If the change in plan had been made before the Bureau of Buildings had notified the plaintiff to protect the wall, there might be some force in the suggestion, and a different question would be presented. But here the fact remains that, when the plaintiff did the work at the instance of the Bureau of Buildings, it was work which the defendants were legally bound to do. The rights of the parties became fixed at that time, and I do not think the defendants could escape their liability by thereafter changing their intention and excavating only 10 feet.

One other question requires consideration. After the jury had retired, the defendants' counsel claimed that the defendants could in no event be held liable for the expense of extending the foundation of plaintiff's wall—for which plaintiff had paid $650—and were liable at most for the reasonable cost of shoring and underpinning, asking that this question be submitted to the jury. The question submitted to the jury was: "What is the reasonable value of such work, namely, the shoring, bracing, and underpinning?" I think this question was sufficiently specific to cover only the expense of the work which the defendants were obligated to do, and, if the plaintiff had done more than that, that fact should have been called to the attention of the jury. But, whether the question was or was not in proper form, no objection was made to it, and the point was not raised in any way until the day after the question had been submitted to the jury and a sealed verdict had been ordered. Up to that time there had been no claim made that if the defendants were liable at all they were not liable for the reasonable value of all the work done by the plaintiff. Whether there was any legal basis for the claim made, it was then too late to raise the question, and the ruling of the court was entirely proper.

The judgment and order appealed from should be affirmed, with costs.

CLARKE and DOWLING, JJ., concur. LAUGHLIN, J., dissents.

INGRAHAM, P. J. I concur in the affirmance of this judgment. I think, however, that both clauses of section 22 of the Building Code can be read together, and that they are not inconsistent. The intention is to fix the responsibility for an excavation which a person makes upon his own property. If the excavation be not more than 10 feet, the owner of the adjoining property liable to be injured by it must protect his building, and the person making the excavation is not responsible for any damages. Where, however, a person commences an

excavation of more than 10 feet, then the owner of adjoining property is relieved from protecting his building. And to give effect to this provision, it is provided that where the intention of extending the excavation for more than 10 feet is announced, and no notice is given of a change of intention, then the owner of the adjoining building can rely upon such an intention, and that the person causing the excavation will take the necessary steps to protect the adjoining property. The subsequent clause was not, I think, intended to limit the liability in the first clause of the section, but to provide that, in case the person causing the excavation neither intended to nor actually did carry it down more than 10 feet, then the adjoining owner was bound to protect it. When the object sought to be attained is considered, I think the section could be given a meaning by which that intention would be effected. Where there is a clearly defined intention disclosed of excavating over 10 feet, and nothing is said or done from which an adjoining owner can have notice that that intention had been changed or abandoned, it would seem to be just to hold the person causing the excavation liable, as, because of this declared intention made by the person causing the excavation, the owner of the adjoining property had not taken the necessary steps for his own protection.

I therefore concur in the affirmance of this judgment.