(88 Misc. Rep. 109)

## WEAR v. KOEHLER.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

ADJOINING LANDOWNERS (§ 6*)—LATERAL SUPPORT—PROTECTION OF ADJOIN-ING WALLS.

One intending to excavate below the depth of ten feet is made liable for the safety of adjoining walls by Building Code, § 22, though the excavation is carried down only nine feet, and no license to make them safe has been tendered by the owner.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 10–16, 25–36, 49–52; Dec. Dig. § 6.*]

Page, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Frank M. Wear against Theresa Koehler. From a judgment for defendant, plaintiff appeals. Reversed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Herman B. Goodstein, of New York City, for appellant.
Clifford C. Roberts, of New York City, for respondent.

GUY, J. The action was brought by plaintiff to recover the sum of $689 expended by plaintiff in underpinning, bracing, preserving, and completing a certain foundation wall to him belonging. The parties to this action were adjoining owners of certain real property in the borough of Manhattan. It was conceded upon the trial that defendant, on May 18, 1912, caused to be filed with the building department plans for the erection of a new building on her property adjoining the plaintiff's, and that in her application there was a statement made, with her authority, that she intended to excavate below a depth of ten feet, and that on August 3, 1912 (before plaintiff expended the moneys in question) the bureau of buildings notified both defendant and plaintiff that plaintiff's wall adjoining defendant's property was in an unsafe condition by reason of the excavating work being done by the defendant.

Section 22 of the Building Code provides as follows:

"Whenever an excavation of either earth or rock for building or other purposes *shall be intended to be,* or shall be carried to the depth of more than ten feet below the curb, the person or persons causing such excavation to be made shall at all times, *from the commencement until the completion thereof,* if afforded the necessary license to enter upon the adjoining land, and not otherwise, at his or their own expense, preserve any adjoining or contiguous wall or walls, structure or structures from injury, and support the same by proper foundations, so that the said wall or walls, structure or structures shall be and remain practically as safe as before such excavation was commenced, whether the said adjoining or contiguous wall or walls, structure or structures are down more or less than ten feet below the curb."

The defendant entered into a contract with a building company for the demolition of the old building and the erection of a new one, which contract provided that the builder should comply with section 22 of the Building Code, and protect and safeguard plaintiff's wall. Defendant's contractor started to demolish the building of the de-

---

* For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant, and when he reached the end or bottom of the old foundation wall stopped. These old foundation walls were only nine feet below the level of the curb, two feet below plaintiff's foundation wall. The jury found that the value of the work performed by the appellant was the sum of $550, and rendered its verdict in that amount.

It is the contention of the defendant respondent that the plaintiff appellant protected his westerly wall before the defendant respondent commenced excavation of earth or rock under plaintiff's old foundation, and that, therefore, the respondent is not liable. This contention is not supported by the evidence. On the contrary, it is undisputed that plaintiff's foundation extended to a depth of only seven feet, and that defendant continued excavating to a depth of at least eight feet before doing any shoring. In setting aside the verdict of the jury and directing judgment in favor of the defendant, the learned trial judge said:

"I am of the opinion that the work having been done by the plaintiff at a time when defendant, having gone down only nine feet below the curb level and stopped, was not called upon to do it, * * * and consequently defendant must escape liability."

This ruling is based upon a misconception of the statute. Section 22 of the Building Code is practically a re-enactment of chapter 6, Laws of 1855, the latter providing that the duty to protect an adjoining building shall be from the commencement of the excavation, and section 22, providing that it shall be "from the commencement thereof." The provision of the statute that such duty on the part of an excavator shall arise where an excavation *shall be intended to be,* or shall be carried to the depth of more than ten feet below the curb. must be given some effect. The purpose of the statute is to impose some duty upon an excavator in addition to that which would arise in the event of his actually excavating to a greater depth than ten feet. In construing this language of the statute in Blanchard v. Savarese, 97 App. Div 58, 60, 89 N. Y. Supp. 664, 665, affirmed 184 N. Y. 537, 76 N. E. 1089, without opinion, the learned Appellate Division said:

"It will be observed that under the New York Building Code the obligation to sustain an existing wall adjoining land upon which an excavation is proposed to be made exists, *not only where the excavation is actually carried to a depth of more than ten feet below the curb, but also where the intention is to carry it to such depth.*"

Again, in Foster v. Zampieri, 140 App. Div. 471, 473, 475, 125 N. Y. Supp. 422, 424, affirmed 206 N. Y. 704, 99 N. E. 1107, without opinion, the plaintiff failed to prove the depth to which the excavation had been made by the defendant, and, at the close of plaintiff's case, defendant moved to dismiss on the ground that there could be no recovery unless it was shown that defendant had actually excavated to a depth of more than ten feet below the curb, which motion was denied. In affirming a judgment in favor of plaintiff, the learned appellate court (McLaughlin, J., writing the opinion) said:

"The defendants' claim is that a person making an excavation is under no liability to protect adjoining walls unless he actually excavated more than ten feet below the curb. But if this is the proper construction, then an adjoining

owner would be obliged, in every instance, to protect his walls until the excavation had reached a depth of ten feet, and the burden would be placed upon him to ascertain whether the excavations were, in fact, carried further than that. I do not think this is the proper construction of the section. The plain intent of it, as it seems to me, is that *a person commencing an excavation which he intends to carry down more than ten feet is liable at all times for the safety of adjoining walls.* That such is the intent and meaning of the section is no longer open to question in this court. * * * The fact that the defendants did not excavate more than ten feet did not constitute a defense to this action. Plaintiff had been notified by the bureau of buildings that the wall of his building was unsafe and he must protect it. * * * That being so, the plaintiff had a right to protect the wall at their (defendants') expense, and it was his duty to do so."

The duty rested upon the defendant to request permission to enter upon plaintiff's premises for the purpose of doing work necessary to the support of plaintiff's wall. It is no defense that plaintiff did not proffer such a license without being asked for same. Reeves on Real Property (Ed. 1909) vol. 1, p. 283; Dorrity v. Rapp, 72 N. Y. 307.

It follows that the order and judgment must be reversed, with costs, and the verdict in favor of plaintiff reinstated, with costs.

BIJUR, J., concurs.

PAGE, J. (dissenting). In the case at bar the defendant was tearing down the building on his land, and had not completely removed the old foundation when the building department notified both the plaintiff and defendant that the plaintiff's building was unsafe, and required them "to make same safe and secure by doing all necessary shoring, needling, and bracing, and underpinning the westerly wall down to the depth of the adjoining excavation." The excavation here referred to was the old cellar, which extended about three feet below the plaintiff's foundation wall. The plaintiff did the necessary work, carrying the underpinning of his building to a depth of ten feet. This action is brought to recover from the adjoining owner the money expended in doing this work.

I cannot concur that at that time there rested upon the defendant any obligation, either at common law or by statute, to do anything to render plaintiff's building safe. He owed no duty to support the adjoining building at all at common law, not even if he had excavated below the depth of his old foundation. Dorrity v. Rapp, 72 N. Y. 308; Bloomingdale v. Duffy, 71 Misc. Rep. 136, 127 N. Y. Supp. 1080, affirmed 146 App. Div. 879, 130 N. Y. Supp. 1105. Section 22 of the Building Code provides that, when a person intends to excavate to a greater depth than ten feet below the curb, "the person or persons causing such excavations shall at all times, from the commencement until the completion thereof, * * * preserve any adjoining * * * wall" or "structure. * * *" "From the commencement until the completion thereof" cannot refer to anything except the excavation contemplated to be made at that time, and cannot possibly refer to any excavation made years before when the original building was erected. In the cases cited in the prevailing opinion (Blanchard v. Savarese, 97 App. Div. 58, 89 N. Y. Supp. 664; Foster v. Zampieri, 140 App. Div. 471, 125 N. Y. Supp. 422),

the excavation had been commenced and the intention declared of carrying the excavation thus commenced to a greater depth than ten feet below the curb. Until the defendant commenced to excavate he was under no obligation to preserve any wall or structure on the adjoining property. He had the right to tear down any building erected on his property, and if the adjoining owner had so erected his building that it could not safely stand without the support of the neighboring building the obligation to take the necessary precaution rested upon him and not on the adjoining owner of the wrecked building.

The order should be affirmed.