### WEAR v. KOEHLER. (No. 7310.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. MUNICIPAL CORPORATIONS ☞601—BUILDING CODE—EFFECT AS STATUTE.
     Building Code of New York City, § 22, providing that a person excavating to a depth greater than 10 feet must provide support for adjoining walls, has the force and effect of a statute.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1333; Dec. Dig. ☞601.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ADJOINING LANDOWNERS ⬅4—LATERAL SUPPORT—BUILDING CODE.

Under Building Code of New York City, § 22, providing that, wherever an excavation shall be intended to be or shall be carried to a depth of more than 10 feet below the curb, the person making such excavation shall at all times, from the time of the commencement to the completion thereof, at his own expense, preserve any adjoining or contiguous walls, and that any party doing the said work under and by direction of the department of buildings may bring an action against the person or persons last mentioned, to recover for the value of the work done and materials furnished, one who was intending to excavate to a depth of 12 feet is liable for the cost of making safe, as required by the building department, an adjoining wall extending nearly 7 feet below the curb, even though such work was made necessary before the excavation reached the depth of 10 feet.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–36, 38–44; Dec. Dig. ⬅4.]

3. ADJOINING LANDOWNERS ⬅4—LATERAL SUPPORT—BUILDING CODE.

The fact that the only work done toward such excavation was the removal of an existing wall, which extended to a depth of 9 feet, does not defeat the adjoining landowner's right to recover.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–36, 38–44; Dec. Dig. ⬅4.]

Appeal from Appellate Term, First Department.

Action by Frank M. Wear against Theresa Koehler. From the judgment of the Appellate Term (88 Misc. Rep. 109, 150 N. Y. Supp. 654), on appeal from the City Court, reinstating a verdict in favor of the plaintiff, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clifford C. Roberts, of New York City, for appellant.
Herman B. Goodstein, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff and defendant owned adjoining buildings in the city of New York. The wall of the plaintiff's building next to and adjoining that of the defendant's extended from 6½ to 7 feet, and that of the defendant's approximately 9 feet, below the curb level. On May 18, 1912, the defendant filed plans in the building department for the erection of a new building on her lot, stating therein that she intended to excavate to a depth of 12 feet. She immediately thereafter commenced to tear down the old building, and on August 3, 1912, her employés were engaged in removing the foundation of the wall next to and adjoining that of the plaintiff. While this work was in progress the building department notified both plaintiff and defendant that plaintiff's wall, by reason of defendant's excavation, was in an unsafe condition, and ordered that the same be at once made safe. The defendant having failed and neglected to comply with the order, the plaintiff did so, and then brought this action in the City Court of the City of New York to recover the sum thus expended. At the conclusion of the trial the court directed a verdict for the plaintiff, subject to the opinion of the court, and the question of the value of the work performed in making the wall safe was submitted to the jury, which brought in a verdict in favor of the plaintiff for $550. The

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

verdict was subsequently set aside, and judgment awarded to the defendant, dismissing the complaint. On appeal to the Appellate Term, it reversed the judgment and reinstated the verdict in favor of the plaintiff, and from this determination defendant appeals to this court.

[1] The question presented turns upon the construction to be put upon section 22 of the Building Code. This section, or so much of it as is necessary to be considered, provides:

"Whenever an excavation of either earth or rock for building or other purposes shall be intended to be or shall be carried to the depth of more than ten feet below the curb, the person or persons causing such excavation to be made shall at all times, from the commencement to the completion thereof, * * * at his or their own expense, preserve any adjoining or contiguous wall or walls, structure or structures from injury, and support the same by proper foundations, so that the said wall or walls, * * * shall be and remain practically as safe as before such excavation was commenced, whether the said adjoining * * * walls, * * * are down more or less than ten feet below the curb. * * * Any party doing the said work, or any part thereof, under and by direction of * * * said department of buildings, may bring and maintain an action against the person or persons last herein referred to, to recover the value of the work done and materials furnished."

The section has the same force and effect as a statute. City of New York v. Trustees, 85 App. Div. 355, 83 N. Y. Supp. 442; Post v. Kerwin, 133 App. Div. 404, 117 N. Y. Supp. 761.

[2] The fact that the materials were furnished and work performed in making plaintiff's wall safe before defendant's excavation had reached a depth of more than 10 feet did not constitute a defense to the action. The section quoted imposes an obligation of sustaining existing walls, not only when an excavation is actually carried to a depth of more than 10 feet below the curb, but also where it is *intended* to be carried to such a depth. Blanchard v. Savarese, 97 App. Div. 58, 89 N. Y. Supp. 664, affirmed 184 N. Y. 537, 76 N. E. 1089; Foster v. Zampieri, 140 App. Div. 471, 125 N. Y. Supp. 422, affirmed 206 N. Y. 704, 99 N. E. 1107. The plans filed by the defendant with the building department show that she intended to excavate to a depth of 12 feet, and when the walls of her building had been demolished to such an extent that it rendered the walls of the plaintiff's building unsafe, then there rested upon her the obligation of making the same safe, and, if she failed to do so, plaintiff, without waiting, could do whatever was necessary to accomplish that purpose, and recover the necessary expense incurred from the defendant.

[3] It is strenuously urged by the defendant that the section of the Building Code refers only to original excavations, and therefore, until the wall of her building had been completely removed, and the work of excavating below the old foundation line commenced, she was under no obligation to support the plaintiff's wall. This is too narrow a construction to place upon the section, which is remedial in character and by its terms requires a liberal construction. The purpose sought to be accomplished by it was to impose an obligation upon any person removing or intending to remove the lateral support of a wall to a depth of over 10 feet, and such obligation comes into existence when the removal of the lateral support renders the walls of the adjacent build-

ing unsafe. It makes no difference whether the lateral support so removed consists in the removal of the old wall, or of original rock and earth beneath it. When the defendant, therefore, commenced to remove the wall of her building, with the intention of proceeding with the excavation to a depth of 12 feet below the curb level, she thereby commenced her excavation within the meaning of the Code, and was obligated to do what was necessary to make the wall of plaintiff's building safe. She having failed to do that, the plaintiff was compelled, under the order of the building department, to do so, and he was entitled to recover the necessary expense incurred.

It follows, therefore, that the determination of the Appellate Term is right, and should be affirmed, with costs. Order filed. All concur.